■ MARY KARRAS, Respondent, v COUNTY OF WESTCHESTER, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Westchester County, entered June 26, 1978, which denied its cross motion for leave to serve an amended answer and for an order directing plaintiff to produce her husband for an examination before trial. Order modified by deleting the provision which denied that branch of the cross motion which sought leave to serve an amended answer and substituting therefor a provision granting said branch of the cross motion. As so modified, order affirmed, without costs or disbursements. In August, 1973 the plaintiff sustained injuries when the 1972 Dodge automobile in which she was riding veered out of control and turned over. According to the motor vehicle accident report the vehicle was owned and operated by plaintiff's husband; however, the insurance policy covering the vehicle was issued to the plaintiff. This action was commenced in May, 1974 and issue was joined several months later. The defendant now seeks to amend its answer by alleging the affirmative defense that the plaintiff was negligent because she failed to wear an available seat belt. CPLR 3025 (subd [b]) provides that leave to amend a pleading may be given at any time and that such leave should be freely given upon such terms as may be just. This provision has been liberally construed to generally allow the amendment of pleadings "unless the rights of a party are substantially prejudiced" *(Sheldon Elec. Co. v Oriental Blvd. Corp.,* 56 AD2d 886, 887). In the present case there is no significant prejudice in allowing the answer to be amended. Although five years have now elapsed from the commencement of the

action, the case is still in the pretrial discovery stage. The factors upon which plaintiff relies to demonstrate prejudice (i.e., the unavailability of the vehicle for inspection and plaintiff's amnesia concerning the accident) are of no consequence because these circumstances existed when issue was initially joined. Therefore, the delay in seeking to amend the answer did not prejudice the plaintiff. In granting leave to amend the answer by alleging the proposed affirmative defense, we note that such defense (failure to wear a seat belt) is only relevant to the question of damages (Spier v Barker, 35 NY2d 444). The record indicates that the plaintiff has been abandoned by her husband and that his present whereabouts are unknown. It was, therefore, proper to deny that branch of defendant's application which sought to compel the plaintiff to produce her husband for a pretrial deposition. Damiani, J. P., Rabin, Gulotta and Cohalan, JJ., concur.