■ NATIONAL PREFERRED RISKS, INC., Respondent, v S. S. SILBERBLATT, INC., et al., Appellants. — In an action to recover a sum of money representing premiums due on certain insurance policies, defendants appeal from (1) an order of the Supreme Court, Nassau County, dated November 26, 1979, which, *inter alia*, granted plaintiff's motion to confirm a referees report that recommended plaintiff have judgment in the principal sum of $60,694.99, (2) the judgment entered thereon on December 4, 1979, and (3) a further judgment of the same court, entered January 4, 1980, which directed defendants to pay the referees fee. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgments affirmed. Plaintiff is awarded one bill of costs. There was a mutual, open and current account between the parties (see *Minion v Warner,* 238 NY 413; *Green v Disbrow,* 79 NY 1). Therefore, the action was not barred by the Statute of Limitations (see CPLR 206, subd [d]). We have considered defendants other points and find them to be without merit. Hopkins, J. P., Gulotta, Margett and O'Connor, JJ., concur.

■ MIKE SAND, Appellant-Respondent, v LYKES BROS. STEAMSHIP CO., INC., Respondent-Appellant. — In a negligence action to recover damages for personal injuries, the parties cross-appeal from an order of the Supreme Court, Kings County, dated November 9, 1979, which granted defendant's motion, pursuant to CPLR 4404, to set aside the jury's verdict and directed a new trial unless plaintiff stipulate to accept a specified decreased damage award. Order reversed, with costs, motion denied and jury verdict reinstated. The jury's verdict is supported by the record. Therefore, the trial court abused its discretion by granting defendant's motion, *inter alia,* to set the verdict aside. Titone, J. P., Mangano, Martuscello and Weinstein, JJ., concur.

■ JACQUALYN SEIP, Respondent, v GEORGE ESPOSITO, Defendant, and ROBERTO FRICK, Appellant. — In a negligence action to recover damages for personal injuries, defendant Roberto Frick appeals from an order of the Supreme Court, Nassau County, dated May 5, 1980, which denied his motion to amend his answer so as to include as an affirmative defense in mitigation of damages the plaintiff's failure to install seat belts in her car (in which she was riding as a passenger at the time of the accident) and/or her failure to use a seat belt restraint at the time of the accident. Order reversed, with $50 costs and disbursements, and motion granted (see *Karras v County of Westchester,* 71 AD2d 878). The amended answer, in the form annexed to the moving papers is deemed served. Titone, J. P., Mangano, Martuscello and Weinstein, JJ., concur.