■ ROBERT L. DUELL, Individually and as a Partner in the Law Firm of Hancock, Ryan, Shove & Hust, Respondent, v THEODORE M. HANCOCK et al., Appellants. — Order unanimously affirmed, with costs. Memorandum: The June, 1980 partnership agreement, providing that new partners would be admitted to the firm on the recommendation of an executive committee subject to the approval of two thirds of the subscribing partners, alters the rights of the partners regarding the admission of new partners under either plaintiff's position, that consent of all the partners is required, or defendants' position, that a management committee determines the admission of new partners with the participation of partners limited to advisory opinions. Accordingly, the decision for summary judgment, declaring the partnership agreement not binding on the firm because it was consented to by less than all of the partners was correct (Partnership Law, § 40, subd 8), although it may be binding upon individual partners of the firm who signed it. The fact that plaintiff moved for partial summary judgment before issue had been joined does not require

reversal; defendants submitted their answer prior to the granting of the motion which, along with their opposing affidavits and oral argument on the motion, allowed all triable issues of fact to be raised (see *Kronish, Lieb, Shainswit, Weiner & Hellman v John J. Reynolds, Inc.,* 33 AD2d 366). (Appeal from order of Onondaga Supreme Court, Bailio, J. — declaratory judgment.) Present — Cardamone, J.P., Callahan, Doerr, Denman and Moule, JJ.