■ DAVID MILLER et al., Respondents, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY et al., Appellants. — Order unanimously reversed, without costs, and plaintiff's motion denied. Memorandum: David and Charlotte Miller commenced this action seeking damages for extensive loss to their dairy farm as a result of a fire on April 10, 1981. They claim that, under a standard fire insurance policy issued by defendants, the Nationwide Mutual Fire Insurance Company and the Nationwide Mutual Insurance Company (Nationwide), they

are entitled to $230,371.48, plus interest, less $25,000 previously paid by Nationwide. In addition, plaintiffs claim that they are entitled to punitive damages because of Nationwide's deliberate refusal to pay the actual value of the loss so as to take advantage of plaintiffs' serious financial plight and force a settlement advantageous to Nationwide. Prior to serving its answer, Nationwide moved to strike certain allegations in plaintiffs' complaint as scandalous and prejudicial. By affidavit in support of its motion, Nationwide argued that the sole issue in the litigation is the value of the property destroyed, and that the actual value of the loss as appraised by Nationwide is $146,216.25. Relying on that admission, plaintiffs cross-moved for partial summary judgment, arguing that there is no dispute that the amount of their loss is at least $146,216.25, and that summary judgment should be granted in order to mitigate damages and allow plaintiffs "to purchase cattle, seed and necessary equipment to get their crop in the ground for the 1982 season". Plaintiffs also submitted an affidavit of their adjustor and a detailed schedule of loss estimating the actual cash value of their loss after deductible to be $230,371.48. Nationwide submitted nothing in opposition to plaintiffs' cross motion. Special Term granted Nationwide's motion in part, striking certain paragraphs of the complaint, and granted plaintiffs' cross motion for partial summary judgment. Since Nationwide failed to assert that issue had not been joined, the question of whether summary judgment was premature was not addressed by Special Term. The court stated only that partial summary judgment was warranted in that "[i]t is undisputed that the loss sustained by Plaintiffs is at least $146,000." CPLR 3212 (subd [a]) provides in pertinent part, "[a]ny party may move for summary judgment in any action, after issue has been joined." The requirement that issue be joined before a motion for summary judgment is granted "is intended to show the court precisely what the plaintiff's claims and the defendant's position as to them, and his defenses, are" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:11, p 431) and has been strictly adhered to (*Grossman v Laurence Handprints-N.J.*, 90 AD2d 95, 98; *Alro Bldrs. & Contrs. v Chicken Koop,* 78 AD2d 512; *Monroe Abstract & Tit. Corp. v Giallombardo,* 54 AD2d 1084, 1085). Since a prejoinder motion is premature even though subsequent papers present no triable issue of fact (*Milk v Gottschalk,* 29 AD2d 698), where, as here, the postjudgment pleading raises a triable issue, summary judgment is clearly unwarranted. Nationwide's answer, which was served subsequent to the entry of partial summary judgment, raises as an affirmative defense plaintiffs' failure to furnish proof of loss forms as mandated by section 172 of the Insurance Law. Since such failure, if proven, would be an absolute defense (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 76 AD2d 759, 761, affd 53 NY2d 835), Nationwide would be seriously prejudiced if it were precluded from asserting it. We note, however, that, in the event Nationwide's affirmative defense proves to be without merit, our determination here is without prejudice to plaintiffs' renewal of the motion. We need only add that reliance on *Duell v Hancock* (83 AD2d 762) is misplaced. Although the motion for summary judgment there was made prior to plaintiffs' joinder, it was not granted until after defendants had interposed their answer. We acknowledged there that the critical factor was that the defendants were afforded the opportunity to raise all triable issues of fact and, hence, the prematurity of plaintiffs' motion was a mere technical error. (Appeal from order of Supreme Court, Jefferson County, J. O'C. Conway, J. — partial summary judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.