OPINION OF THE COURT
Robert A. Contiguglia, J.
Since October 9, 1981, Stephen J. and Charlene Sercu have served in this class action as the subclass representatives for all those protestors who oppose the granting of any relief to the nonprotestors herein. By my decision of May 6, 1983 and order of May 17, 1983, the Sercus’ subclass is now designated subclass A-l.
Mr. and Mrs. Sercu have made a motion “pursuant to CPLR 3211 (b) and 3212” purportedly seeking summary judgment against the city for the recovery of tax refunds, individually, and on behalf of their subclass. For the reasons which follow their motion is denied without prejudice to renewal at the appropriate time.
*596 To begin with, this is a class action in which the interests of all the subclasses are at stake, not just the interests of subclass A-l. Additionally, this case presents, to say the least, a monumental problem of municipal finance — more than one hundred million dollars in illegally collected revenue, more than 70,000 claimants and an allegedly limited fund for repayment — in which the public interest ought to be the paramount consideration for the court. Most claimants in the action are also continuing taxpayers and depend on the city for continuing services. This, too, presents fundamental, public policy considerations.
Pursuant to CPLR 907, the trial court “may make appropriate orders: 1. determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument”. Commenting on this part of the rule, Weinstein-Korn-Miller (NY Civ Prac, vol 2, par 907.07) states: “In providing these broad, flexible rules for the management of class actions, the drafters of the statute recognize that it is impossible to predict all of the problems which might arise in the course of such complex proceedings and, therefore, left the courts free to tailor the procedures to the particular facts and circumstances of the case.”
It was with these thoughts in mind that the procedural course of this action was established by my order of October 9, 1981, certifying it as a class action (herein the Certification Order). By the terms of that order a format was established for the manner in which the case would proceed, a format which focused on the city’s settlement proposal of August 3, 1981. This proposal, it will be recalled, was submitted by the city in compliance with Justice Conway’s order of May 20, 1981. Because the city’s plan called for the recognition of the claims of nonprotestors, it was clear to me then that this was a matter which ultimately would have to be resolved by the Court of Appeals.
Accordingly, the Certification Order (a) continued the stay against individual refund lawsuits against the city (par 20), (b) set down for threshold and final determination the question whether nonprotestors could recover against the city, either as a matter of right or under the city’s *597 proposal pursuant to subdivision 5 of section 20 of the General City Law (par 12), (c) extended the city’s time to reply to the counterclaims filed by all defendants (par 21), and (d) deferred consideration of the city’s settlement plan until further order of the court and resolution of the protest question (par 22).
Justice Conway’s order of May 20, 1981 was not appealed by any party. In addition, none of the above-mentioned provisions of the Certification Order was appealed, except for the twenty-first ordering paragraph which extended the city’s time to serve a reply to defendants’ counterclaim. With regard to that provision, the Sercus were the sole appealing parties. They argued that this court had abused its discretion in granting the city an extension to reply to the counterclaims of the class members and that the protestors should “have their recovery without the need for any further litigation.” In this argument, and throughout their brief, the Sercus were contending that they should have a right to immediate recovery and should not be burdened with issues affecting the other subclasses, in particular referring to the nonprotestors. Holding that the issues thus raised were “without merit” the Appellate Division affirmed this aspect of the Certification Order on the Sercus’ appeal (City of Rochester v Chiarella, 86 AD2d 110, 117). Moreover, the court remanded the subdivision 5 of section 20 of the General City Law issue to this court. This issue has been treated by my decision of June 16, 1983 (121 Misc 2d 257) and is now progressing on appeal brought by the Sercus.
Given the above affirmance of the Certification Order and the failure of the Sercus to appeal other relevant aspects thereof, one might assume that they would now be precluded from raising essentially the same issue, albeit in a different form.* The class action device is designed to be flexible, however, especially in responding to changed circumstances. Even so and even assuming, without deciding, *598 that the Sercus are not bound by the law of the case heretofore established, there are no changed circumstances asserted by them, nor apparent to the court, which require any change in the orderly progress of the case.
The resolution of the subdivision 5 of section 20 of the General City Law issue still remains critical to the validity of the city’s refund plan as noted in this court’s recent decision on that subject (supra, p 597). Just as clearly, the court continues to have an obligation to consider the rights of all parties in a class action and, if to give relief to one might as a practical matter defeat the right of another party to recover, the court should hesitate to act. This is inherent in the nature of a class action.
Even under the restricted view taken of class actions prior to the enactment of CPLR article 9, the courts had no difficulty in certifying them as such “where all members of the purported class were potential claimants to a limited fund for the recovery of their several claims” (Ray v Marine Midland Grace Trust Co., 35 NY2d 147, 152). In the early case of Guffanti v National Sur. Co. (196 NY 452), for example, a class action was permitted in the exercise of the court’s “equitable powers” to prevent the amount of a fund being paid to some persons who were wronged to the exclusion of others. Rule 23 of the Federal Rules of Civil Procedure (in US Code, tit 28, Appendix), after which CPLR article 9 was patterned, also explicitly recognizes this principle. Subdivision (b) (par [1], cl [B]) of the rule provides that a class action may be maintained where, in addition to the usual basic requirements: “(1) the prosecution of separate actions by or against individual members of the class would create risk of * * * (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests”.
In explaining the reasons behind rule 23 (subd [b], par , cl [B]), 3B Moore’s Federal Practice ([2d ed], par 23.35 , p 23-276) states as follows: “‘This clause takes in situations where the judgment in a nonclass action by or against an individual member of the class, while not tech *599 nically concluding the other members, might do so as a practical matter. The vice of an individual action would lie in the fact that the other members of the class, thus practically concluded, would have had no representation in the lawsuit.’ ” Accordingly, since one of the fundamental purposes for certifying class actions in the first place has long been recognized to be the protection of diverse interests in a limited fund, I see no present reason to depart from the format previously established to accomplish such protection, and which was indorsed by the Appellate Division in its affirmance and in the express terms of its remittitur. Also influencing my determination are the following factors:
By its literal terms, the Sercus’ request for relief on their motion seeks nothing more than a declaration that class members who paid their taxes under protest are entitled to recover the illegal portion of their taxes paid during the four fiscal years in question; in short, they seek a declaration of liability. This kind of declaration, quite obviously, is unnecessary since principles of stare decisis have established the city’s liability for illegal taxes paid under appropriate protest, beyond contradiction. Liability to protestors has long ago ceased to be an issue in this case. The relevant issue is remedy, and the extent of the membership of the subclasses who will share in it.
On the question of fashioning a remedy, CPLR 907 (subd 5) invests broad discretion in the court, not explicitly conferred by the Federal class action counterpart. This unique provision authorizes the fixing of the amount of the payments to be made to the class and the terms of payment. It is said to have been added to article 9 at the behest of the Judicial Conference to permit the court to take the financial capacity of the opponent of the class into account, and “to avoid harsh economic consequences such as business failures and their concomitant loss of employment.” (See 2 Weinstein-Korn-Miller, NY Civ Prac, par 907.06; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C907:l; Siegel, NY Prac, p 189.) In this case factors such as the effect on the city and class members of a large judgment, increases in municipal bonding costs, related increases in taxes and disruption of *600 services — among others, will no doubt be relevant considerations in fashioning an appropriate remedy. It follows that any informed exercise of the discretion conferred by CPLR 907 (subd 5) must await a final determination as to the rights of nonprotestors.
Therefore, even if the intent of the Sercus’ motion, although unexpressed, was to fix damages for subclass A-l and to provide it with an immediate remedy, their motion would be denied for the above reasons. Beyond this and more fundamental, the Sercus have failed to tender any proof of damages. Neither the membership of subclass A-l, nor, consequently, the amount of their claims, individually or in the aggregate, has been ascertained to date. The processing of the staggering number of claims involved in this case promises to be extremely time consuming and it has yet to begin. Thus, the court would be in no position to grant subclass A-l relief in damages even if it had been requested.
With respect to the makeup of the classes, a related consideration arises. Not only the city, but also all remaining subclass representatives have opposed the request of subclass A-l herein. Each of these remaining subclasses theoretically contains protestors; yet each has expressly indorsed the phasing of the presentation of issues, as provided in the Certification Order, so that the rights of all claimants can be considered in fashioning the ultimate remedy. While by no means decisive, this is at least a relevant consideration.
Finally, it should be noted in passing, that if the Court of Appeals ultimately sustains the Sercus’ position on the General City Law issue, a wholly different situation will be presented. Then the rights of nonprotestors would be totally extinguished, and the remaining task would be to fashion appropriate procedures for offering payment of the claims of all protestors, including those in subclass A-l. This is why in the Certification Order and in my subsequent decisions, all counsel were directed to expedite all appeals on the protest and General City Law issues and to avoid multiplying or complicating the proceedings.
In summary, the Sercus’ motion is denied on the foregoing grounds without prejudice. Should their position on the *601 General City Law issue be sustained by the Court of Appeals, they will be free to renew the motion on adequate proof.
An order consistent with this decision should be prepared by co-ordinating counsel. Co-ordinating counsel should send a copy to all counsel and the original to the court.
All parties shall have five business days from the date of service of this order to comment in writing with a copy to the court. If any problems with the form of the order cannot be resolved, the court will make further direction.

 As noted, they make their motion under CPLR 3211 (subd [b]) and 3212, although they have not sought to lift the stays continued under the Certification Order and, more to the point, have not sought to require the city to file a reply to the counterclaims for refunds filed by the classes. Under CPLR 3211 (subd [b]) a party may move to dismiss “one or more defenses”. Pursuant to CPLR 3212 (subd [a]) a motion for summary judgment can be made “after issue has been joined.” Technically, therefore, in the absence of a reply to the counterclaims, neither section seems applicable, but as noted above, this does not form the sole basis for the holding herein.