CITY OF ROCHESTER, Respondent, v ANGELO CHIARELLA et al., Individually and on Behalf of All Payers of Real Property Taxes to the City of Rochester for the Fiscal Years 1974-75 Through 1977-78, Respondents, and STEPHEN J. SERCU et al., Appellants.

Fourth Department, March 6, 1984

APPEARANCES OF COUNSEL

*David J. Angelone* for appellants.

*Louis N. Kash, Corporation Counsel,* for City of Rochester, respondent.

*Harter, Secrest & Emery (Kenneth A. Payment* of counsel), for subclass A-2, respondents.

*Johnson, Mullan, Brundage & Keigher, P. C. (Byron Johnson* of counsel), for subclass B, respondents.

*Levy, Feldman & Licata* for subclass C, respondents.

*Harris, Beach, Wilcox, Rubin & Levey (Karl S. Essler* and *Edward H. Fox* of counsel), for Angelo Chiarella and others, subclass D, respondents.

DOERR, J.

In this class action, subclass A-1, representing taxpayers who paid real property taxes for the years 1974-1978 under protest and who want full refunds, has moved for summary judgment.[*] Special Term denied the motion without prejudice to renewal at a later time, finding that the motion was premature and would upset the orderly progression of the lawsuit (121 Misc 2d 595). Additionally, it is argued that the motion is premature because there has as yet been no reply to defendants' counterclaims. We find both arguments unpersuasive.

With respect to whether the motion is premature, respondents argue that other issues in the lawsuit must be resolved before it can be determined how much money will be available to make refunds to those taxpayers who paid under protest. Specifically, the city and the nonprotesters rely on our recent decision in *City of Rochester v Chiarella* (98 AD2d 8) in which we held that a city ordinance permitting the city to make refunds to nonprotesters was not an unconstitutional gift. The city construes this opinion as a *carte blanche* to treat protesters and nonprotesters alike, thus justifying the city in making less than full refunds to those taxpayers who paid under protest. This point of view is clearly incorrect. We perceive nothing in our decision which could lend itself to such an interpretation, however labored. As several of the subclasses concede, the rights of the protesters to refunds is beyond dispute (see *Angelone v City of Rochester*, 72 AD2d 445, affd 52 NY2d 982; see, also, *City of Rochester v Chiarella*, 86 AD2d 110, affd 58 NY2d 316, *supra; Central Buffalo Project Corp. v City of Buffalo*, 74 AD2d 336, affd 52 NY2d 986; *Waldert v City of Rochester*, 61 AD2d 147, mod 44 NY2d 831).

Given this premise, we cannot accept an argument that these taxpayers, who have a clear legal right to refunds, can be forced to take less than what is owed them. Respondents on appeal urge that, since the city has inadequate funds to pay everyone, all taxpayers may have to take less than what is owed them. We know of no precedent whereby

---

[*] For a background of the dispute, see *City of Rochester v Chiarella* (86 AD2d 110, affd 58 NY2d 316); see, also, *City of Rochester v Chiarella* (98 AD2d 8).

a debtor can escape liability by asserting that he has inadequate funds to pay the judgment (cf. *Flushing Nat. Bank v Municipal Assistance Corp.,* 40 NY2d 731, 736).

Accordingly, despite its broad powers to manage class actions (CPLR 907), Special Term had no basis at this stage of the lawsuit where the significance of protest has been clearly resolved (*City of Rochester v Chiarella,* 58 NY2d 316, *supra*), to deny summary judgment. Whether and to what extent the city chooses to repay the equitable claims of nonprotesters has no bearing on the legal rights of the protesters to receive refunds (see *City of Rochester v Chiarella,* 98 AD2d 8, *supra*).

Nor do we see any impediment to the grant of summary judgment on the grounds that there has as yet been no reply to the counterclaims of the subclasses. While summary judgment may be granted only after issue has been joined (CPLR 3212, subd [a]; *Miller v Nationwide Mut. Fire. Ins. Co.,* 92 AD2d 723; *Alro Bldrs. & Contrs. v Chicken Koop,* 78 AD2d 512), in the instant declaratory judgment action there has been a complaint and an answer and the counterclaims raise no new issues. This action was begun by the city against all persons who paid real property taxes from 1974-1978. The city sought a declaration that no taxes during that period were collected unconstitutionally and that no refunds were due. The complaint was answered, and thus issue has been joined.

Plaintiff has been unable to come forward with any facts or arguments which could defeat subclass A-1's right to summary judgment. Plaintiff's argument that there are unresolved questions pertaining to what protest will be deemed adequate (and, hence, who is included within the subclass) and also the amount owing to each taxpayer are not sufficient to defeat summary judgment on the question of liability. In any class action the first step is to resolve the common issues (Siegel, NY Prac, § 141). Thereafter, the parties may set about the task of determining who falls within the class and how much each is owed.

Determining which taxpayers registered the appropriate protest and the amount due each taxpayer may be no small task. Nonetheless, we see no purpose to be served by further delay. This lawsuit is now four years old, and it has

been 10 years since the first of the unconstitutionally levied taxes were paid. While a stay of proceedings was appropriate before the question of protest had been resolved, that issue has been conclusively decided (*City of Rochester v Chiarella,* 58 NY2d 316, *supra*), and it is now time for the lawsuit to proceed so that those taxpayers who paid under protest and want full refunds get them.

Accordingly, the order appealed from should be reversed, and the motion for summary judgment granted to the extent that subclass A-1 is entitled to a declaration establishing the right of those who paid under appropriate protest to recover full refunds of taxes paid in excess of plaintiff's constitutional taxing limits.

HANCOCK, JR., J. P., O'DONNELL, MOULE and SCHNEPP, JJ., concur.

Order unanimously reversed, with costs, and subclass A-1's motion for summary judgment granted, in accordance with opinion by DOERR, J.