■ HOUARI BERICHI et al., Respondents, v ALLAN SLOAN, P. C., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Alvin F. Klein, J.), entered January 3, 1986, which, *inter alia,* granted plaintiffs partial summary judgment on their first cause of action and directed defendants Allan Sloan, P. C. and Allan Sloan, individually, to return to plaintiffs $100,000 given to them as escrow money, unanimously modified, on the law, to vacate the grant of partial summary judgment, and otherwise affirmed, without costs. Plaintiffs are granted a preliminary injunction to the extent of directing defendants Allan Sloan, P. C. and Allan Sloan, individually, to deposit $100,000 with the court by tendering that amount to the County Clerk of New York County within 15 days of the date of service of this order.

In their first cause of action, plaintiffs allege that their former attorney, defendant Allan Sloan, converted $100,000 given to him in escrow in connection with the purchase of real property. Plaintiffs commenced this action by order to show cause requesting a direction that defendant "return petitioners' *[sic]* $100,000 escrow money." Special Term characterized plaintiffs' application for what was essentially injunctive relief

as a motion for partial summary judgment and granted plaintiffs partial summary judgment on their first cause of action.

Special Term improvidently converted plaintiffs' application into a motion for summary judgment without notice to the defendants, and prior to joinder of issue. *(Milk v Gottschalk,* 29 AD2d 698; *see also, e.g., Miller v Nationwide Mut. Fire Ins. Co.,* 92 AD2d 723.) Insofar as the court below granted plaintiffs partial summary judgment on the grounds that defendants failed to meet their burden of opposing a motion for summary judgment, a motion they were not on notice to oppose, we reverse the order.

However, since on this record plaintiffs have demonstrated a clear right to the relief, we grant plaintiffs the injunctive relief they originally sought and direct defendants-appellants to deposit $100,000 with the County Clerk, to prevent the dissipation of these funds pending trial.

We have examined the other points raised on this appeal and find them without merit. Concur—Sullivan, J. P., Asch, Fein, Ellerin and Wallach, JJ.