■ AFCO CREDIT CORPORATION, Appellant, v WILLIAM F. MOHR et al., Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about January 3, 1989, which, upon renewal and reargument, denied the plaintiff's motion for summary judgment, is unanimously affirmed, without costs.

It is axiomatic that the proponent of a summary judgment motion must make a prima facie showing of entitlement to

judgment as a matter of law. To defeat such a motion the opponent must establish the existence of a genuine factual controversy *(Lugo v LJN Toys,* 146 AD2d 168 [1st Dept 1989]). In this instance, the plaintiff's failure to submit documentary proof of the defendant's purported guilty plea, irrespective of the affirmation submitted in opposition, undermined the attempt at such a summary resolution of this action.

CPLR 3212 (a) expressly provides that a motion for summary judgment may only be made after joinder of issue. The defendant's reliance upon *Duell v Hancock* (83 AD2d 762 [4th Dept 1981]) for the proposition that issue need not be joined before a summary judgment motion can be decided is misplaced. In *Duell,* the answer was served while the motion was pending before the court. In contrast, here, the answer was never served.

We have considered the remainder of the appellant's arguments and find them to be without merit. Concur—Murphy, P. J., Asch, Kassal and Rosenberger, JJ.