■ SHERWOOD FRIEND, Appellant, v JOSEPH REGINA, Respondent.—In an action to recover on the guarantee of a loan, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lama, J.), entered August 23, 1990, which denied the plaintiff's motion for summary judgment and granted the defendant's cross motion to compel discovery.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The defendant, together with the plaintiff and his son, formed a corporation known as Farm Basket Foods, Inc. (hereinafter Farm Basket). On August 27, 1987, the plaintiff loaned $100,000 to Farm Basket at an interest rate of 12% per annum. The loan was to be repaid on December 31, 1988. In October of 1988, when it became clear that Farm Basket would be unable to repay the loan when it came due, the defendant personally guaranteed one-third of any unpaid balance, plus interest and attorney's fees. Farm Basket repaid only $10,996.34, leaving an unpaid balance of $89,003.66.

It is axiomatic that the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law. To defeat such a motion the opponent must establish the existence of a genuine factual controversy (see, Afco Credit Corp. v Mohr, 156 AD2d 287). The plaintiff has provided sufficient documentary proof of the existence of the loan and its terms to entitle him to judgment as a matter of law. The defendant, on the other hand, has failed to raise a triable issue of fact. Moreover, the guarantee clearly obligates the defendant to pay one-third of any unpaid balance due on the loan, plus interest. The plaintiff is, therefore, entitled to a judgment in the amount of $29,667.89, plus interest. The matter, however, is remitted to the Supreme Court for a determination of the amount of interest to which the plaintiff is entitled (see, CPLR 5001).

In view of the foregoing, there is no need for additional discovery in this case and, accordingly, the defendant's cross motion to compel discovery is denied.

Finally, although the guarantee provides for an attorney's fee of 33% of any uncollected amounts, reasonable attorney's fees are to be determined by the court (see, Manufacturers Hanover Trust Co. v Green, 95 AD2d 737, 738; Chemical Bank

*v Nattin Realty,* 61 AD2d 921). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.