■ WAYNE E. BORGEEST et al., Appellants, v WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER et al., Respondents. [724 NYS2d 408] —Order, Supreme Court, New York County (Richard Braun, J.), entered November 16, 2000, which, in an action by plaintiff former partners in defendant law firm for an accounting and related declaratory relief, upon the parties' respective motions for summary judgment, declared that defendant's 1979 partnership agreement had been terminated, that defendant was not a partnership-in-dissolution, and that plaintiffs were not entitled to an accounting of their interest in defendant, and dismissed plaintiffs' cause of action for such accounting, unanimously modified, on the law, to declare that the 1979 partnership agreement has never been terminated as between plaintiffs and their former partners in defendant, and otherwise affirmed, without costs.

Plaintiffs declined to sign a new partnership agreement that the majority of defendant's partners voted to approve at a partnership meeting, and withdrew from defendant the next day. The new agreement provided, *inter alia*, that "[a]ll preceding partnership agreements among the parties hereto are hereby terminated and superseded." Although the motion court correctly found that the majority's execution of the new agree-

ment, which did not purport to effect a dissolution of the partnership as previously constituted, did not result in such a dissolution, and that plaintiffs were not entitled to an accounting, we modify to clarify that the majority's approval and execution of the new agreement did not result in the termination of the prior partnership agreement as between plaintiffs and the remainder of the partners, since plaintiffs never signed the new agreement and therefore never became parties thereto (*see, Duell v Hancock*, 83 AD2d 762). Thus, defendant was not a partnership-at-will, subject to dissolution upon the withdrawal of any partner, when plaintiffs withdrew from it. Rather, the prior partnership agreement remained in effect as to plaintiffs when they withdrew from defendant, and plaintiffs are therefore barred by the prior agreement's terms from seeking an accounting of their interest in defendant upon withdrawal.

Although the prior agreement provided that it could be terminated "by the unanimous vote, confirmed in writing, of the Regular Members of the Executive Committee," there is no evidence that the Executive Committee voted as a body to terminate the prior agreement, and it is evident from the face of the new agreement that all signatories thereto executed it solely in their capacities as individual partners. Moreover, the provision of the new agreement for termination of prior agreements is part of a complete new partnership agreement, and, in that context, cannot reasonably be construed to have been intended to terminate the prior agreement as to partners who declined to sign the new agreement.

The foregoing renders it unnecessary to reach the other points raised by the parties. Concur—Nardelli, J. P., Williams, Ellerin and Saxe, JJ.