■ JAMIE PINTO, Respondent, v NESIM PINTO et al., Appellants. [764 NYS2d 871] —In an action, inter alia, to set aside certain fraudulent conveyances, the defendants Nesim Pinto and Avram (Avi) Pinto, doing business as IJN Co., Inc., separately appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated December 4, 2001, which (1) granted the plaintiff's motion for leave to reargue and renew a prior motion determined in an order of the same court, dated September 8, 2000, and, upon reargument and renewal, amended the prior order by stating that the plaintiff's proper remedy is to seek to set aside the allegedly fraudulent conveyance or to disregard the conveyance and levy upon the property conveyed, and (2) granted that branch of the plaintiff's motion which was for summary judgment against the defendant Nesim Pinto and directed a hearing to aid in the disposition of that branch of the plaintiff's motion which was for an attorney's fee pursuant to Debtor and Creditor Law § 276-a.

Ordered that the appeal by the defendant Avram (Avi) Pinto, doing business as IJN Co., Inc., is dismissed, as that defendant is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the appeal by the defendant Nesim Pinto from so much of the order dated December 4, 2001, as directed a hearing to aid in the disposition of that branch of the plaintiff's motion which was for an attorney's fee is dismissed; and it is further,

Ordered that the order dated December 4, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Nesim Pinto.

The appeal by the defendant Avram (Avi) Pinto, doing business as IJN Co., Inc., must be dismissed because he is not aggrieved by the order appealed from. He has no standing to complain about the relief granted to the plaintiff against his co-defendant, Nesim Pinto, and the order granted the plaintiff no relief against him. Rather, the order adhered to the dis-

missal of the plaintiff's first four causes of action insofar as asserted against him.

The appeal by the defendant Nesim Pinto from so much of the order dated December 4, 2001, as directed a hearing to aid in the disposition of that branch of the plaintiff's motion which was for an attorney's fee must be dismissed. That portion of the order is not appealable as of right because it does not decide that branch of the motion and does not affect a substantial right (*see* CPLR 5701 [a] [2] [v]; *John E. Jacoby, M.D., P.C. v Loper Assoc.*, 249 AD2d 277 [1998]), and leave has not been granted.

The plaintiff's motion for leave to reargue and renew was properly granted (*see Liss v Trans Auto Sys.*, 68 NY2d 15, 20 [1986]). Upon reargument and renewal, the Supreme Court correctly granted that branch of the plaintiff's motion which was for summary judgment against Nesim Pinto. A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Once this showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof to establish the existence of a material issue of fact which require a trial (*see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*). Here, the plaintiff established her entitlement to summary judgment as a matter of law on her fraudulent conveyance causes of action against Nesim Pinto. Nesim Pinto then failed to sustain his burden of raising a triable issue of fact (*see Zuckerman v City of New York, supra*).

Nesim Pinto's remaining contentions are without merit. Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.