■ In the Matter of the Estate of JOHN JAMES, Also Known as ANTHONY J. JAMES, Deceased. LORDLIN PRIMUS, Respondent; HAZEL J. WEBB et al., Appellants. [772 NYS2d 558]—In a contested proceeding to probate the last will and testament of John James, also known as Anthony J. James, the objectants appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Kings County (Harkavy, S.), dated December 19, 2002, as, upon a decision of the same court (Feinberg, S.), dated October 18, 2002, (a) granted those branches of the proponent's motion which were for summary judgment dismissing the objec-

tions alleging lack of testamentary capacity, undue influence, and fraud, (b), in effect, denied that branch of their cross motion which was to compel disclosure, (c) failed to determine that branch of their cross motion which was to compel production of a handwriting exemplar of the testator, and (d), in effect, directed a separate proceeding to aid in the disposition of that branch of the cross motion of the objectant Beryl James which was to permit her to exercise her alleged right of election.

Ordered that the appeal from so much of the order as failed to determine that branch of the objectants' cross motion which was to compel production of a handwriting exemplar of the testator is dismissed; and it is further,

Ordered that the appeal by the objectant Beryl James from so much of the order as, in effect, directed a separate proceeding to aid in the disposition of that branch of her cross motion which was to permit her to exercise her alleged right of election is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, the branches of the proponent's motion which were for summary judgment dismissing the objections alleging lack of testamentary capacity, undue influence, and fraud are denied, the branch of the objectants' cross motion which was to compel disclosure is granted, and the respondent's time to comply is extended until 30 days after service upon her of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the objectants, payable by the respondent.

The portion of the appeal which is from so much of the order as failed to determine that branch of the objectants' cross motion which was to compel production of a handwriting exemplar of the testator must be dismissed, as it remains pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1979]; *see also Narducci v Tishman Constr. Corp. of N.Y.,* 308 AD2d 436 [2003]; *Dembitzer v Chera,* 305 AD2d 531 [2003]).

The appeal by the objectant Beryl James from so much of the order as, in effect, directed a separate proceeding to aid in the disposition of that branch of her cross motion which was to permit her to exercise her alleged right of election (*see* EPTL 5-1.1-A [c] [4]; SCPA 1421) must be dismissed. That portion of the order is not appealable as of right because it does not decide that branch of the cross motion and does not affect a substantial right (*see* CPLR 5701 [a] [2] [v]; *cf. Pinto v Pinto,* 308 AD2d 571 [2003]; *D'Agnese v Spinelli,* 308 AD2d 561 [2003]), and leave to appeal has not been granted. Any party aggrieved by a decree entered in the relevant proceeding may take an appeal therefrom (*cf. Berliner v Berliner,* 294 AD2d 524 [2002]).

We agree with the objectants that the Surrogate's Court erred in granting those branches of the proponent's motion which were for summary judgment dismissing the objections alleging lack of testamentary capacity, undue influence, and fraud. Due to the lack of certain disclosure, particularly the depositions of the beneficiaries under the will, it was premature to grant summary judgment at this stage of the proceeding (*see Rajan v Insler,* 300 AD2d 463 [2002]). Smith, J.P., Luciano, H. Miller and Townes, JJ., concur.