■ Premiere Eglise Baptiste Haitienne de Manhattan (First Haitian Baptist Church of Manhattan), Respondent, v

George Joseph, Appellant. (Action No. 1.) George Joseph, Appellant, v Active Committee of the Premiere Eglise Baptiste Haitienne de Manhattan (First Haitian Baptist Church of Manhattan) et al., Respondents. (Action No. 2.) [870 NYS2d 13]—

The first-captioned action, which was brought by the church and seeks declaratory relief resolving Joseph's authority over the church's temporal affairs and injunctive relief restraining him from interfering in such affairs and from disturbing church services, turns almost entirely on the meaning and effect of a stipulation settling a prior action between the parties and the church's former pastor, since deceased, who was also Joseph's father and from whom Joseph claims to have derived his authority over church affairs under a power of attorney. It appears that upon filing the action, the church made a virtually simultaneous motion that, while not denominated as one for summary judgment, effectively sought all of the relief sought in the complaint; that Joseph then served an answer containing a counterclaim that also sought a declaration of his rights under the stipulation, and opposition to the motion that did not object to the church's pre-answer motion for summary judgment and

indeed purported to lay bare his proof; and that the motion court notified the parties on the return date of the motion that it was going to treat the church's motion as one for summary judgment, to which notice neither party objected. Under these circumstances, the court's treatment of the church's motion as one for summary judgment was not procedurally improper (*see Miller v Nationwide Mut. Fire Ins. Co.*, 92 AD2d 723, 724 [1983], distinguishing *Duell v Hancock*, 83 AD2d 762 [1981]; *see also Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320-321 [1987]).

On the merits, the stipulation confirmed the church's appointment of an "active pastor" as successor to Joseph's father; designated Joseph's father as a "counseling pastor" whose duties were to "give counseling" and "make suggestions" relating to church activities and programs "on a monthly base [*sic*] or whenever it is convenient for the congregation"; and provided for Joseph's appointment as a Sunday school teacher subject to his completing a one-year qualifying course, which he never took. Thus, under the clear terms of the stipulation, Joseph never qualified for the position of Sunday school teacher, and no other position was conferred on him. Nor was any position or authority conferred on Joseph by the durable power of attorney given to him by his father after the stipulation had been executed, since, by then, by virtue of the stipulation, Joseph's father was merely a "counseling pastor" with only advisory and consultative powers, and thus lacked the authority to appoint Joseph to serve as "legal counselor" or otherwise put him in control of church affairs. The 2001 court order on which Joseph also relies, and which was granted without opposition from the church, merely restrained the church from interfering with Joseph's rights under the stipulation, and thus has no independent import. Finally, as a Baptist church, the church's congregation has control over its spiritual matters, including the termination of membership for violation of church discipline (*see Walker Mem. Baptist Church, Inc. v Saunders*, 285 NY 462, 473 [1941]). Consistent with the congregation's vote to suspend Joseph's membership, Joseph was properly enjoined from disturbing the church's worship services.

The second-captioned action, which was commenced by Joseph during the pendency of the first-captioned action, seeks to hold the church and others in contempt of the 2001 order, and was dismissed when the parties did not appear at a preliminary conference. Joseph's motion to vacate the dismissal was properly denied since he cannot show any meritorious claim that the church, or any its officers or members, are in contempt of the 2001 order (*see Saunders v Riverbay Corp.*, 17 AD3d 137

[2005]). Concur—Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ.