■ In the Matter of the Estate of JOHN JAMES, Also Known as ANTHONY JOHN JAMES, Deceased. LORDLIN PRIMUS, Respondent; BERYL JAMES et al., Appellants. [878 NYS2d 195]—In a contested probate proceeding, the objectants appeal from (1) an order of the Surrogate's Court, Kings County (Torres, S.), dated January 8, 2008, which granted the proponent's motion for summary judgment dismissing the objections to probate and admitting the will to probate, and denied their cross motion to disqualify the beneficiaries and dismiss the probate petition, and (2) a decree of the same court dated September 17, 2008, which, upon the order, admitted the will to probate. The notice of appeal from the order is deemed to also be a notice of appeal from the decree (*see* CPLR 5501 [c]).

Ordered that the order and the decree are affirmed, with one bill of costs.

In opposition to the proponent's prima facie demonstration of entitlement to judgment as a matter of law dismissing the objec-

tions to probate and admitting the will to probate, the objectants failed to raise a triable issue of fact as to testamentary capacity, undue influence, or fraud (*see Matter of Fiumara,* 47 NY2d 845, 846-847 [1979]; *Matter of Zirinsky,* 43 AD3d 946, 947-948 [2007]; *Matter of Haley,* 38 AD3d 894, 895 [2007]; *Matter of Leach,* 3 AD3d 763, 765 [2004]; *Matter of Hedges,* 100 AD2d 586, 588 [1984]). Accordingly, the Surrogate's Court properly granted the proponent's motion.

The objectants' contention that the probate petition should have been dismissed because the proponent failed to produce one of the beneficiaries is without merit. In 2004 this Court determined that summary judgment for the proponent with respect to testamentary capacity, undue influence, and fraud was premature due to lack of discovery (*see Matter of James,* 5 AD3d 487, 489 [2004]). The objectants have now deposed the executor, the drafting attorney, the two witnesses to the execution of the will, and all but one of the beneficiaries. The whereabouts of the sole beneficiary yet to be deposed are unknown, and she is not within the control of anyone involved in the proceedings (*see Karras v County of Westchester,* 71 AD2d 878 [1979]). Moreover, there is no need for additional discovery. The objectants' contention that the missing beneficiary, who was a child when the will was executed, has information relevant to this matter is purely speculative (*see Matter of Korn,* 25 AD3d 379, 380 [2006]; *Matter of Leach,* 3 AD3d at 766; *Matter of Wilson,* 266 AD2d 164 [1999]; *Friend v Regina,* 189 AD2d 853 [1993]). Accordingly, the Surrogate's Court properly denied the objectants' cross motion.

The objectants' remaining contentions are without merit. Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.