■ AMERICAN TRANSIT INSURANCE COMPANY, Respondent, v GERBERT BAUCAGE et al., Defendants, and INNOVATIVE MEDICAL HEIGHTS, P.C., Appellant. [45 NYS3d 29]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 11, 2016, which granted plaintiff's motion for a default judgment pursuant to CPLR 3215 declaring that it owes no duty to pay any pending or future no-fault claims arising out of a September 24, 2014 motor vehicle accident, and denied the cross motion of defendant Innovative Medical Heights, P.C. (Innovative Medical) for summary judgment dismissing the complaint as against it and for attorneys' fees, unanimously affirmed, without costs.

Supreme Court properly granted plaintiff's motion for a default judgment. The record demonstrates that plaintiff submitted proof that it served Innovative Medical with the summons and complaint, Innovative Medical does not deny that it was received, and Innovative Medical failed to set forth

a reasonable excuse as to why it failed to timely answer the complaint (*see* CPLR 3215 [a], [f]). Innovative Medical's claim that plaintiff accepted its untimely answer by failing to reject it fails, because plaintiff moved for the default judgment within 13 days of its receipt (*see e.g. Katz v Perl*, 22 AD3d 806, 807 [2d Dept 2005]).

Furthermore, Innovative Medical's cross motion was properly denied. Since Innovative Medical never properly filed an answer, it may not ask the court to reach the merits of the action because CPLR 3212 (a) expressly provides that a motion for summary judgment may only be made after joinder of issue (*see Afco Credit Corp. v Mohr*, 156 AD2d 287 [1st Dept 1989]). Concur—Friedman, J.P., Sweeny, Richter, Manzanet-Daniels and Kapnick, JJ.