| |
|---|
| **McNeil-Sampson v Perez** |
| 2024 NY Slip Op 32566(U) |
| July 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153580/2019 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. JAMES G. CLYNES**       PART         **22M**

*Justice*

-------------------------------------------------------------------------X

NAKITA MCNEIL-SAMPSON as Administratix of the Estate
of SHELDON HEDWIGE SAMPSON, as mother and legal
guardian of J.S., and NAKITA MCNEIL-SAMPSON,
individually,

                          Plaintiff,

                        - v -

MARVIN PEREZ, CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC., CONSOLIDATED EDISON, INC.,
CONSOLIDATED EDISON SOLUTIONS, INC., CON
EDISON CLEAN ENERGY BUSINESSES, INC., SAN
MATEO CONSTRUCTION CORP.,

                          Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153580/2019 |
| MOTION DATE | 05/04/2023 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 98, 99, 100, 101, 102, 103, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 127, 136, 137

were read on this motion to/for            **JUDGMENT - SUMMARY**       .

Upon the foregoing documents, it is ordered that the motion by defendants Consolidated Edison Solutions, Inc. (Con Ed Solutions) and Consolidated Edison Clean Energy Business, Inc. (Con Ed Clean Energy) (collectively moving defendants), pursuant to CPLR 3212, for an order granting summary judgment in their favor and dismissal of the complaint as against them and plaintiff's cross-motion for an order pursuant to CPLR 3124 and 3126 striking the answer of moving defendants, as well as defendant San Mateo Construction Corp. (San Mateo), or alternatively, precluding defendants from entering evidence at the trial of this matter or compelling defendants to provide the documents and other items demanded in plaintiffs' discovery demands dated October 11, 2022 and May 5, 2022 are decided as follows:

In this action to recover money damages for an alleged wrongful death, defendants Con Ed Solutions and Con Ed Clean Energy (collectively moving defendants) move, pursuant to CPLR 3212, for an order granting summary judgment dismissal of the complaint as against them.

Plaintiffs' cross-motion for discovery relief was resolved by stipulation and order dated October 26, 2023 (NYSCEF Doc. No. 139); and, therefore, will not be addressed here.

**153580/2019 MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN**          Page 1 of 6
**Motion No. 005**

[* 1]

## Background

### The Parties Relevant to the Motion

Plaintiff, Nakita McNeil Sampson, is an appointed administratrix of the estate of Sheldon Hedwige Sampson ("decedent") pursuant to the order of the Westchester County Surrogate's Court dated October 13, 2017. Up until the day of the accident, Sampson was decedent's wife; and she is the mother and legal guardian of their child, J.S.

Defendant Marvin Perez (Perez) is a resident residing in Westchester County, New York.

Defendant Consolidated Edison Company of New York, Inc. (Con Ed - NY) is a domestic business corporation duly organized and existing pursuant to the laws of the State of New York, with a primary place of business in New York County. Defendant Consolidated Edison, Inc. (Con Ed) is a domestic business corporation duly organized and existing pursuant to the laws of the State of New York, with its primary place of business in New York County. Defendants Consolidated Edison Solutions, Inc. (Con Ed Solutions) and Con Edison Clean Energy Businesses, Inc. (Con Ed Clean Energy) are domestic business corporations duly organized and existing pursuant to the laws of the State of New York, with a primary place of business in Westchester County.

### General Background

On April 29, 2017, defendant Perez was the owner and operator of a motor vehicle involved in an accident on the northbound Bruckner Expressway in the Bronx which collided with plaintiffs' decedent, who had been riding a 2013 BMW motorcycle. Plaintiffs claim that Perez was negligent in the operation of his vehicle in that he operated it at a dangerous and improper rate of speed, and failed to observe conditions and proper direction while operating the vehicle. It is alleged that Perez was operating the vehicle in the course of his employment with moving defendants, which plaintiffs claim is supported by accident scene photographs showing Con Ed Solutions signage, as well as a roof-mounted dome light, indicating its use as an emergency vehicle, and plastic traffic barriers.

In a sworn affidavit, Perez avers that on the day of the accident, he was employed with defendant San Mateo but that at the time of the accident, 2:00 a.m., he was not working within the scope of his employment with San Mateo (Perez affidavit, ¶¶ 7, 14, 25, 28-29, NYSCEF Doc. No. 49). According to moving defendants and Perez, Perez had no relationship, working or otherwise with moving defendants (Perez affidavit, ¶¶ 15-18, NYSCEF Doc. No. 49). Further,

**153580/2019  MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN**
**Motion No. 005**

Page 2 of 6

2 of 6

[* 2]

moving defendants claim that they have no relationship with codefendant San Mateo, Perez's admitted employer (Perez aff, ¶¶ 7, 25, 28). Specifically, Paul F. Mapelli, general counsel for moving defendants, testified that he requested Con Edison Clean Energy's accounts payable department conduct a search to determine whether San Mateo was ever a subcontractor for moving defendants.[1] No records were found of an account of any payments or contractual relationship with San Mateo (Mapelli deposition at 23-24, 47, NYSCEF Doc. No. 103). According to plaintiffs, there were placards containing an old Con Ed Solutions logo accompanied by the words "Emergency Work Service Vehicle as defined by NYC Traffic Reg. Sec. 4-01 (b) (19)" placed on the driver's and passenger's side back seat windows. Perez admits that he obtained the placards on his own, that they were not provided to him by either his then-employer, San Mateo, or by moving defendants, and that he placed the placards in the vehicle depicting the logo to avoid being towed or ticketed (Perez aff, ¶¶ 19-24).

Moving defendants claim the action should be dismissed as against them based on Perez's sworn statement and defendant's testimony that moving defendants had no relationship with either Perez or Perez's former employer, San Mateo.

## Discussion

In order to grant summary judgment, there must be no material or triable issues of fact presented. It is well established that "'[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact'" (*Wolff v New York City Tr. Auth.*, 21 AD3d 956, 956 [2d Dept 2005], quoting *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The party opposing the motion must then come forward with sufficient evidence to create an issue of fact for the consideration of a jury (*Pinto v Pinto*, 308 AD2d 571, 572 [2d Dept 2003]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat such a motion (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In deciding the motion, the court must draw all reasonable inferences in favor of the nonmoving party (*Dauman Displays v Masturzo*, 168 AD2d 204, 205 [1st Dept 1990] [internal citation omitted]).

---

[1] According to moving defendants, the search was limited to their two companies; i.e., Con Ed Solutions and Con Ed Clean Energy; and assert, in reply, that San Mateo's business relationship with defendant Con Ed - NY is separate and apart from that of moving defendants.

**153580/2019  MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN**
**Motion No. 005**

Page 3 of 6

3 of 6

[* 3]

Moving defendants argue that since there is no relationship between them and Perez, moving defendants did not owe or violate a duty to plaintiffs. In order to establish negligence, a plaintiffs must show that: (1) the defendant owed a duty; (2) the duty was breached; (3) the breach of the duty proximately caused the plaintiff's injuries; and (4) the plaintiff sustained damages as a consequence of the defendant's negligence (*see Kenney v City of New York*, 30 AD3d 261, 262 [1st Dept 2006]).

Moving defendants claim that they have shown that defendant **Perez** did not work for moving defendants, was not hired by moving defendants to perform any work and that the moving defendants did not provide Perez with the fake placard which was in Perez's vehicle. Rather, Perez was an employee of defendant San Mateo, a company moving defendants' also did not have a relationship with. Plaintiffs argue that the motion is premature as there may be a relationship between San Mateo and moving defendants, pointing to *Long v Consolidated Edison* (2015 NY Slip Op 32068[U] [Sup Ct, NY County Apr. 17, 2015]), among others. While the case reflects a contractual relationship between San Mateo and defendant Con Ed - NY to provide flaggers at job sites, it fails to mention any relationship between San Mateo and the moving defendants and predates the case at bar by more than eight years.

Moving defendants testified through their general counsel, Mapelli, that Con Ed Clean Energy, which also includes Con Ed Solutions, did not do business with San Mateo (Mappelli dep at 23-24). Mapelli further testified that there is no emergency division of either Con Ed Solutions or Con Ed Clean Energy (*id.* at 35). Con Ed Solutions does not do any kind of emergency work or road work, but rather is responsible for energy efficiency work, which is performed "within the four walls of a customer-owned facility or building" (Mapelli dep at 46; see *id.* at 15 ["it installs more efficient energy using equipment in primarily governmental clients" such as "more efficient lighting, . . . hearting ventilation, air-conditioning type equipment"]).

Further, moving defendants assert that plaintiffs cannot establish causation (*Gonzalez v City of New York*, 133 AD3d 65, 70 [1st Dept 2015] ["what the plaintiff must demonstrate is a connection or nexus between the plaintiff's injuries and the defendant's malfeasance"]). Here, Perez avers that at the time of the accident, he was not working in the scope of his employment with San Mateo, and was never employed by moving defendants. Perez also admits that he obtained the Con Ed placards on his own, which he for his own interests, namely, to avoid being

153580/2019 MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN
Motion No. 005

Page 4 of 6

[* 4]

towed or ticketed. Moving defendants argue that it, therefore, has been shown that they had no control over Perez and were not responsible for his actions.

While plaintiffs counter that questions of fact remain as to whether moving defendants did in fact have a relationship with Perez, claiming that the motion is premature as relevant discovery was not completed prior to the filing of the instant motion, "[a] determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence" (*Panasuk v Viola Park Realty, LLC,* 41 AD3d 804, 805 [2d Dept 2007]; *see also e.g., Jeffrey v DeJesus,* 116 AD3d 574 [1st Dept 2014] [partial summary judgment on issue of liability in personal injury action was not premature, even though discovery was not complete, where drivers submitted affidavits, and the defendants submitted facts essential to justify opposition to the motion]). Plaintiff's "mere expressions of hope that discover would reveal something helpful to [their] case provided no basis for denying the defendant's motion" (*Jorbel v Kopko,* 31 AD3d 612, 613 [2d Dept 2006] [citation omitted]). The motion for summary judgment is, therefore, granted.

Moving defendants also seek costs as they alleged to have attempted to be discontinued from the action multiple times, after receiving Perez's affidavit and after Mapelli testified, which plaintiffs rejected. Plaintiffs counter that as they have a colorable claim against moving defendants, the declination to discontinue the action as against them was appropriate and imposition of costs unwarranted. In light of the court's decision above, the court finds costs to be appropriate.

The court considers the remainder of the arguments and finds them without merit.

**Conclusion**

Accordingly, it is

ORDERED that the motion by defendants Consolidated Edison Solutions, Inc. and Con Edison Clean Energy Business, Inc. for summary judgment is granted and the complaint is dismissed as against them, and the Clerk is directed to enter judgment in favor of said defendants; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

153580/2019  MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN                              Page 5 of 6
Motion No. 005

5 of 6

ORDERED that counsel for the moving defendants shall serve a copy of this order with notice of entry upon the Clerk of Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's office (60 Centre Street, Room 119), who are directed to mark the court's record to reflect the case caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's office shall be made in accordance with the procedures set forth in the *Protocol on County Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-filing" page on the court's website address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the court.

| 7/22/2024 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | JAMES G. CLYNES, J.S.C. | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153580/2019  MCNEIL-SAMPSON, NAKITA vs. PEREZ, MARVIN**
**Motion No. 005**

Page 6 of 6

[* 6]

6 of 6