■ CILLIA STEEL et al., Appellants, v CITY OF NEW YORK et al., Respondents. (And Third-Party Titles.) [705 NYS2d 641] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Weiss, J.), dated November 30, 1998, which granted the separate motions of the defendants Time Warner Operations, Inc., f/k/a Time Warner Cable, Inc., Time Warner Cable of NYC, a Division of Time Warner Entertainment Company, L.P., Brooklyn/Queens Cable Television, and Quics, and the defendant Trinity Communications Corp., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) a judgment of the same court, entered March 8, 1999, which dismissed the complaint insofar as asserted against those defendants. The notice of appeal from the order is also deemed a notice of appeal from the judgment (see, CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff Cillia Steel (hereinafter the plaintiff) alleges that in June 1993, while crossing a street in Queens, she fell as a result of a depression in a crosswalk. It is undisputed that

in 1987 the defendant Time Warner Operations, Inc. (hereinafter Time Warner) contracted with the defendant Trinity Communications Corporation (hereinafter Trinity) to install subterranean cable in the area where the plaintiff alleged that the accident occurred.

As a general rule, an employer who hires an independent contractor is not liable for the negligent acts of the independent contractor (*see, Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663, 668; *Davies v Contel of N. Y.,* 187 AD2d 898). Although there are recognized exceptions to this rule, none are pertinent herein. In particular, contrary to the plaintiff's contention, which is raised for the first time on appeal, the laying of underground cable is not "inherently dangerous" work (*see, Rosenberg v Equitable Life Assur. Socy., supra*). Thus, Time Warner is entitled to summary judgment.

The Supreme Court also properly granted Trinity's separate motion for summary judgment. The record demonstrates that Trinity completed its cable work in the area in 1989, which was more than three years before the plaintiff's accident. Furthermore, subsequent to the completion of Trinity's work, other contractors had performed road work in this same area. Under these circumstances, Trinity established its prima facie entitlement to judgment as a matter of law, and the plaintiff failed to demonstrate any material issue of fact with regard thereto (*see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557, 562). Bracken, J. P., S. Miller, Altman and Krausman, JJ., concur.