■ LINDA RUSNAK et al., Respondents, v FRANK J. PAONE et al., Appellants, et al., Defendants. [718 NYS2d 626] —In an action

to recover damages for personal injuries, etc., the defendants Frank J. Paone and Sheila Paone appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated September 24, 1999, as, upon granting that branch of the plaintiffs' motion which was to vacate so much of a prior order of the same court, dated May 26, 1999, as granted their motion for summary judgment dismissing the complaint insofar as asserted against them upon the plaintiffs' default in answering, denied their motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon granting that branch of the plaintiffs' motion which was to vacate the plaintiffs' default in opposing the appellants' motion, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted, and the complaint is dismissed in its entirety.

The appellants Frank J. Paone and Sheila Paone made a prima facie showing of entitlement to judgment as a matter of law (*see, Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663; *Steel v City of New York,* 271 AD2d 435; *see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320). The plaintiffs, in opposition, failed to raise an issue of fact as to whether the appellants were negligent concerning the alleged condition of the roadway. Therefore, the appellants' motion for summary judgment is granted (*see, Steel v City of New York, supra; Alvarez v Prospect Hosp., supra*). Sullivan, J. P., S. Miller, H. Miller and Smith, JJ., concur.