(June 20, 2006)

■ JOAN M. KENNEY et al., Respondents, v CITY OF NEW YORK et al., Defendants, and DYNATECH INDUSTRIES, Appellant. [817 NYS2d 264]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered May 24, 2004, to the extent that it denied defendant Dynatech's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed as against defendant Dynatech Industries. The Clerk is directed to enter judgment accordingly.

This is a personal injury action based on the alleged negligence of defendants in connection with construction work on the sidewalk, park and roadway areas adjacent to the Supreme Court building at 60 Centre Street in Manhattan, where plaintiff Kenney worked in 1998. One summer morning, plaintiff tripped and fell on the courthouse steps after she slipped off a damp tread; plaintiff sustained compression fractures in her forearm requiring surgery. Defendant Dynatech, responsible for providing general laborers for the construction project, moved for

summary judgment, alleging it did not perform any work on the steps of the courthouse and did not cause the slippery condition of the steps. An examination of the record evidence demonstrates that Dynatech's assertions were unrefuted and that, regardless of Dynatech's corporate relationships with defendant Excel Industries, there is no evidence of actionable negligence on its part causing plaintiff's trip and fall.

To maintain a negligence cause of action, plaintiff must be able to prove the existence of a duty, breach and proximate cause (*see Palsgraf v Long Is. R.R. Co.*, 248 NY 339 [1928]). One who has not performed or is not responsible for any construction work at an accident site owes no duty to a plaintiff injured at the site (*see Manson v Consolidated Edison Co. of N.Y.*, 220 AD2d 374 [1995]). It is uncontroverted that Dynatech performed no work on the courthouse steps and was in no way responsible for the slippery condition of the courthouse steps. Even were Dynatech connected to Excel Industries, which was the basis of the IAS court's denial of Dynatech's dismissal motion, the motion should have been granted, because plaintiff's access to the courthouse step handrails was not blocked. She testified that she walked diagonally up the steps but she could have chosen to walk on the outside of the blocked handrails, where the walkway was unobstructed. Concur—Buckley, P.J., Tom, Saxe, Gonzalez and Malone, JJ.