■ CONCORD VILLAGE OWNERS, INC., Respondent, v TRINITY COMMUNICATIONS CORP. et al., Appellants, et al., Defendant. TRINITY COMMUNICATIONS CORP., Third-Party Plaintiff-Appellant, v CENTRAL LOCATING SERVICE, LTD., Third-Party Defendant-Appellant. [876 NYS2d 48]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered May 13, 2008, which, to the extent appealed from, denied the motions of defendants Time Warner Cable of New York City, a division of Time Warner Entertainment Co., L.P., and Time Warner, Inc. (collectively Time Warner), and Trinity

Communications Corporation (Trinity), and third-party defendant Central Locating Service (CLS) for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of granting Time Warner's motion and dismissing the complaint as against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Time Warner retained Trinity to excavate and replace its underground cables near plaintiff's building and CLS was hired by involved utilities operators to mark out the various utilities at the site so as to minimize the risk of striking underground pipes or cables. During the excavation, a gas main was ruptured, causing natural gas to escape from the cracked main into the air. Gas service to plaintiff's building was shut off, and plaintiff alleges that the leaks subsequently found in its internal gas system were caused by the negligence involved in rupturing the gas main.

Generally, a party that hires an independent contractor cannot be held liable for the negligence of that independent contractor (*see Chainani v Board of Educ. of City of N.Y.,* 87 NY2d 370 [1995]), and summary judgment is appropriate where the evidence on the issue of control of the method and means of the work presents no conflict (*Goodwin v Comcast Corp.*, 42 AD3d 322 [2007]). Here, the record establishes that Time Warner had no authority to direct or control Trinity's work, and accordingly, Time Warner is entitled to summary judgment (*see Steel v City of New York*, 271 AD2d 435 [2000]).

Regarding Trinity and CLS, the record presents triable issues of fact as to whether the rupture of the gas main caused the gas leaks in plaintiff's building. In an affidavit, plaintiff's expert refuted the opinion of the expert relied upon by, inter alia, Trinity and CLS, that the leaks in the pipes had been caused by the deterioration of the pipes, and he opined that the leaks were caused by the rupture of the gas main and the resulting loss in pressure in the gas system. Plaintiff's expert also refuted the claim that the lubricating material used on the gas pipes was relevant to the leaks and concluded that the loss of pressure and the introduction of air and humidity into a previously closed system caused the damage. Furthermore, the affidavit of plaintiff's expert was based on the evidence in this case, as well as his knowledge and experience as a professional engineer. Although he never examined the pipes removed from plaintiff's building and only inspected the gas system two years after the incident, he reviewed all of the deposition testimony and other evidence and set forth in detail the facts supporting his conclusions (*see Cuevas v City of New York*, 32 AD3d 372 [2006]).

Concur—Mazzarelli, J.P., Friedman, Moskowitz and Acosta, JJ. [*See* 2008 NY Slip Op 31359(U).]