Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered March 14, 2012 and March 20, 2012, which, inter alia, respectively, granted the individual defendants’ motion and defendant Munder Capital Management, Inc.’s (Munder) motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiffs’ argument that they were entitled to payment when the independent directors/defendants entered into a management agreement with a new investment advisor following the arrests of the individual plaintiffs is unavailing, as plaintiffs had no right to continue managing the Amerindo Technology Fund (the Fund). The unambiguous provisions of the Investment Company Act and the investment advisory agreement gave the independent directors unqualified authority to terminate or renew the agreement (see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 571 [2005]). At the time the independent directors appointed Munder as the Fund’s interim investment advisor (on June 3, 2005), the agreement had already expired (on May 31, 2005). Thus, after the agreement’s expiration, the independent directors had unfettered discretion to renew (or not renew) the agreement (see Navellier v Sletten, 262 F3d 923, 935 [9th Cir 2001], cert denied 536 US 941 [2002]). Further, the entire basis of plaintiffs’ asserted property right is their allegation that they planned to seek over $10 million for the sale of management rights to the Fund from unnamed buyers, yet plaintiffs make no allegation that they actually could have sold the Fund to the unnamed manager for that amount, particularly in a market that was devalued due to the individual plaintiffs’ arrests.
Further, plaintiffs have not even tried to show how the *490 complaint states the elements of a claim for aiding and abetting fraud, conversion, or negligence. Although plaintiffs asserted, during oral argument before the motion court, that the fraud was in “taking away the management from the plaintiff,” that is insufficient to state a claim for fraud (see CPLR 3016 [b]; Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). Plaintiffs’ claim of constructive fraud, asserted for the first time on appeal, also fails, because, even if considered, plaintiffs have failed to allege a misrepresentation or that any of the defendants owed a fiduciary duty to them (see Brown v Lockwood, 76 AD2d 721, 731 [2d Dept 1980]). Based on the absence of a predicate claim for fraud, plaintiffs’ claims of aiding and abetting fraud must also fail (see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009], lv denied 13 NY3d 709 [2009]). Plaintiffs argue that the motion court should have applied the law of some forum other than Maryland to the conversion and negligence claims; however, the deficiencies of plaintiffs’ pleadings are fatal to their claims, whether Maryland or New York law is applied (see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44 [1995]; Lasater v Guttmann, 194 Md App 431, 446, 5 A3d 79, 87-88 [Md Ct Spec App 2010], cert denied 417 Md 502, 10 A3d 1181 [2011]; Kenney v City of New York, 30 AD3d 261, 262 [1st Dept 2006]; Blondell v Littlepage, 413 Md 96, 119, 991 A2d 80, 93-94 [2010]).
The motion court properly held that Amerindo Advisors was a suspended California company that lacked the capacity to initiate this lawsuit. The motion court did not give plaintiffs more time to restore Amerindo Advisors’ status because they never sought it. Had plaintiffs sought leave to restore Amerindo Advisors’ corporate status, the court would have had discretion to deny it (see Old Fashion Farms v Hamrick, 253 Cal App 2d 233, 236, 61 Cal Rptr 254, 254 [Cal Dist Ct App, 2d Dist 1967]).
Pursuant to the forfeiture order entered in the individual plaintiffs’ criminal case, they forfeited to the United States all of their “right, title, and interest in the Substitute Assets,” which expressly included Amerindo Advisors. “ ‘A forfeiture order, whether preliminary or final as to third-party claims, is a final order as to the defendant’ ” (United States v Bennett, 2004 WL 829015, *3, 2004 US Dist LEXIS 6595, *9 [SD NY, Apr. 15, 2004, No. 97 CR. 639(SAS)] [citation omitted]).
We have considered plaintiffs’ remaining arguments and find them unavailing. Concur—Friedman, J.P., Richter, Feinman, Gische and Clark, JJ.