■ HONUA FIFTH AVENUE LLC, Appellant, v 400 FIFTH REALTY LLC et al., Respondents. [976 NYS2d 45]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered May 24, 2013, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to amend the complaint to add claims of fraudulent inducement and aiding and abetting fraud, and applied a .18% interest rate rather than the statutory 9% rate in calculating the undertaking to be posted by defendant 400 Fifth Realty LLC to cancel the notice of pendency, unanimously affirmed, with costs.

While the proposed amended complaint alleges a misrepresentation, its allegations of fraudulent intent are conclusory and lacking in details sufficient to support the claim for fraudu-

lent inducement (*see* CPLR 3016 [b]; *Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559-560 [2009]). Plaintiff also fails to sufficiently allege injury caused by the alleged fraud. It cannot allege injury because the undertaking to be posted by defendant 400 Fifth adequately secures it from the loss of its $45 million deposit (*see New York City Tr. Auth. v Morris J. Eisen, P.C.*, 276 AD2d 78, 85 [1st Dept 2000] ["a cause of action for fraud cannot accrue until every element of the claim, including injury, can truthfully be alleged"]). Plaintiff's assertion that it made material concessions during the negotiation of the terms of the third amended agreement in reliance on 400 Fifth's representation that it had invested $100 million of equity in the project is insufficient to plead injury because the alleged loss is speculative (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 422 [1996]). Absent a predicate claim for fraud, plaintiff's claim of aiding and abetting fraud also fails (*Vilar v Rutledge*, 106 AD3d 489, 490 [1st Dept 2013]).

Because this action to foreclose on the vendee's lien is equitable in nature (*see Elterman v Hyman*, 192 NY 113, 125-126 [1908]), plaintiff is not entitled as of right to the 9% statutory interest rate in the calculation of 400 Fifth's undertaking (*see* CPLR 5001 [a]; 5004, 6515 [1]). The equitable vendee's lien extended only to the $45 million that plaintiff had advanced towards that purchase money (*see Elterman*, 192 NY at 125). To the extent the initial agreement provided for the crediting of interest to the purchase price of the property, and therefore to the lien (*see Royle Realty Co. v Juhring*, 21 AD2d 911 [2d Dept 1964], *affd* 16 NY2d 566 [1965]), the third amended agreement, which is the governing contract, does not provide for interest or credits to the purchase price aside from the $45 million that plaintiff paid. Concur—Friedman, J.P., Renwick, Freedman and Feinman, JJ.