Linder v United Metro Energy Servs. Corp. (2021 NY Slip Op 02250)





Linder v United Metro Energy Servs. Corp.


2021 NY Slip Op 02250


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Kapnick, J.P., Kern, Singh, Scarpulla, JJ. 


Index No. 153947/16 Appeal No. 13568 Case No. 2020-04457 

[*1]Jill Linder et al., Plaintiffs-Respondents,
v
United Metro Energy Services Corp., et al., Defendants-Respondents, Charles K. Goldner, LLC, Defendant-Appellant.


Sjoquist, Bates, Baer & Sedereas, New York (Chad E. Sjoquist of counsel), for appellant.
Kramer Dillof Livingston & Moore, New York (Matthew Gaier of counsel), for Jill Linder and Jane Brody, respondents.
Law Office of Nicholas Katsoris, New York (Nicole S. Lam of counsel), for United Metro Energy Services Corp. and Merrick Thompson, respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about April 22, 2020, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Charles K. Goldner, LLC (Goldner) for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Goldner.
Plaintiff Jill Linder was injured when she tripped over a 75-foot long fuel oil delivery hose, which belonged and was being used by defendant United Metro Energy Services Corp. (UMEC) and its employee defendant Merrick Thompson. The hose was located on the sidewalk abutting the premises owned by Goldner. It is undisputed that UMEC was hired as an independent contractor to deliver oil to Goldner's premises for the past several years. Plaintiffs alleged that on the date of the accident, Goldner had a nondelegable duty to maintain the public sidewalks abutting the building in a reasonably safe condition, free from hazards, dangers, and defects when it accepted fuel delivery services.
"Generally, a party that hires an independent contractor cannot be held liable for the negligence of that independent contractor" (Concord Vil. Owners, Inc. v Trinity Communications Corp., 61 AD3d 410, 411 [1st Dept 2009]). "The primary justification for this rule is that one who employs an independent contractor has no right to control the manner in which the work is to be done and thus, the risk of loss is more sensibly placed on the contractor" (Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257-258 [2008][internal quotation marks omitted]). There are various exceptions to this general rule, including "(1) [n]egligence of the employer in selecting, instructing, or supervising the contractor"; (2) "[n]on-delegable duties of the employer, arising out of some relation toward the public or the particular plaintiff"; and (3) "[w]ork which is specially, peculiarly, or inherently dangerous" (id. at 258).
Under the circumstances presented, we disagree with the motion court's finding that triable issues of fact exist as to whether Goldner may be liable for the work of an independent contractor where danger is readily foreseeable. The deposition testimony shows that Goldner did not supervise, monitor, or control UMEC when the oil would be delivered. The evidence also shows that UMEC had a prior history of consistently placing safety measures to prevent a pedestrian from tripping over the oil hose. In light of the preexisting precautions established by UMEC and lack of any complaints from prior oil deliveries, Goldner was not placed on notice of the existence of a dangerous condition (compare Emmons v City of New York, 283 AD2d 244, 245 [1st Dept 2001]). Here, the danger arose "because of the negligence of the independent contractor or [its] employees, which negligence [was] collateral to the work and which [*2][was] not reasonably to be expected" (Schwartz v Merola Bros. Constr. Corp., 290 NY 145, 152 [1943]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021