**Allen v City of New York**

2024 NY Slip Op 31872(U)

May 31, 2024

Supreme Court, New York County

Docket Number: Index No. 154024/2018

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO**      PART      **05M**

*Justice*

-------------------------------------------------------------------------X

ELAINE ALLEN,

         Plaintiff,

- v -

THE CITY OF NEW YORK, TIME WARNER CABLE NEW
YORK CITY LLC., CONSOLIDATED EDISON, INC., LEVEL
3 COMMUNICATIONS, LLC., EMPIRE CITY SUBWAY
COMPANY (LIMITED), CITYBRIDGE, LLC.,

         Defendant.

-------------------------------------------------------------------------X

CONSOLIDATED EDISON, INC.

         Plaintiff,

-against-

CAC INDUSTRIES, INC.

         Defendant.

-------------------------------------------------------------------------X

TIME WARNER CABLE NEW YORK CITY LLC.

         Plaintiff,

-against-

OLD HDE INC., HYLAN DATACOM & ELECTRICAL LLC,
HYLAN DATACOM & ELECTRICAL INC.

         Defendant.

-------------------------------------------------------------------------X

OLD HDE INC., HYLAN DATACOM & ELECTRICAL LLC,
HYLAN DATACOM & ELECTRICAL INC.

         Plaintiff,

-against-

MOTTCO CONTRACTING CORPORATION

INDEX NO.    154024/2018

MOTION DATE    08/29/2023, 09/15/2023, 11/14/2023

MOTION SEQ. NO.    008 009 010

## DECISION + ORDER ON MOTION

Third-Party
Index No. 596029/2018

Second Third-Party
Index No. 595138/2019

Third Third-Party
Index No. 595579/2022

**154024/2018 ALLEN, ELAINE vs. CITY OF NEW YORK**
**Motion No. 008 009 010**

Page 1 of 11

1 of 11

[* 1]



Defendant.

------------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 008) 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 315, 316, 317, 318, 319, 320, 322, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 392, 393

were read on this motion to/for          SUMMARY JUDGMENT(BEFORE JOIND)          .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 321, 323, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 397, 398

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER          .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 394, 395, 396

were read on this motion to/for          JUDGMENT - SUMMARY          .

Defendants, Time Warner Cable New York City LLC ("Time Warner"), Consolidated Edison of New York, Inc. ("Con Ed"), and Empire City Subway Company (Limited) ("ECS") each move pursuant to CPLR § 3212 for summary judgment to dismiss Plaintiff Elaine Allen's ("Plaintiff") complaint and all cross-claims against them. Time Warner further moves for summary judgment against Second Third-Party Defendants/Third Third-Party Plaintiffs, Old Hde Inc., Hylan Datacom & Electrical Inc., Hylan Datacom & Electrical LLC (collectively identified as "Hylan") for contractual and common law indemnification. Defendants, the City of New York (the "City") and Hylan oppose Time Warner's motion. Plaintiff opposes Time Warner, Con Ed and ECS' motions. For the reasons stated herein, Time Warner's motion is granted in part (Motion Seq. 008), Con Ed's motion is granted (Motion Seq. 009), and ECS' motion is granted (Motion Seq. 010).

## BACKGROUND

On May 1, 2017, Plaintiff tripped and fell in a crosswalk located at West 39th Street and Eighth Avenue because of two holes in the roadway (NYSCEF Doc No. 276, Statement of material facts ¶¶ 1, 2). Plaintiff was walking in the crosswalk when she tripped and fell in one pothole and then as she was trying to steady herself, tripped and fell in a second pothole (*id*. ¶ 2). In 2016, prior to Plaintiff's accident, Time Warner engaged Hylan to install conduits in the crosswalk located at West 39th Street and Eighth Avenue (NYSCEF Doc No. 267, Time Warner deposition transcript at 19, lines 11-16). On July 30, 2016, in furtherance of this project, Hylan excavated a trench in the crosswalk at West 39th Street and Eighth Avenue from an ECS manhole to the building at 275 West 39th Street (NYSCEF Doc No. 268, Hylan deposition transcript at 19 lines 18-22, 22 lines 10-15, 32 lines 2-12). After completing the excavation, Hylan engaged Mottco Contracting Corporation ("Mottco") to backfill and pave the site, which Mottco completed on August 7, 2016 (NYSCEF Doc No. 268, Hylan deposition transcript at 23 lines 15-24, 32 lines 10-20).

**154024/2018   ALLEN, ELAINE vs. CITY OF NEW YORK**
**Motion No.  008 009 010**

**Page 2 of 11**

On May 1, 2018, Plaintiff commenced this action to recover damages for personal injuries sustained because of the fall (NYSCEF Doc No. 1, Verified complaint). Issue was joined by Time Warner and Con Ed by service of their answers on June 8, 2018 (NYSCEF Doc No. 11, verified answer; NYSCEF Doc No. 12, verified answer). ECS joined issue by service of its answer on July 2, 2018 (NYSCEF Doc No. 32, verified answer). On December 20, 2018, Con Ed commenced a Third-Party action against CAC Industries, Inc. (NYSCEF Doc No. 45, Verified third-party complaint). Con Ed discontinued this third-party action on January 19, 2022 (NYSCEF Doc No. 175, stipulation of discontinuance). On January 31, 2019, Time Warner commenced a second third-party action against Hylan (NYSCEF Doc No. 53, verified second third-party complaint). Hylan joined issue by filing its third-party answer on May 1, 2019 (NYSCEF Doc No. 83, verified answer to second third-party complaint). On October 8, 2019, Defendant Level 3 Communications was granted summary judgment dismissing Plaintiff's complaint and all cross-claims against it (NYSCEF Doc No. 126). On December 23, 2019, Defendant City Bridge LLC was granted summary judgment dismissing Plaintiff's complaint and all cross-claims against it (NYSCEF Doc No. 133). On June 9, 2022, Hylan commenced a third third-party action by filing a third-party summons and complaint against Mottco (NYSCEF Doc No. 180, verified third third-party complaint). Mottco joined issue on September 29, 2022 (NYSCEF Doc No. 190, verified answer to third third-party complaint).

Plaintiff was deposed on June 28, 2021 (NYSCEF Doc No. 266, Plaintiff's deposition transcript). Time Warner was deposed on October 14, 2021 (NYSCEF Doc No. 267, deposition tr). Hylan and Empire were deposed on April 27, 2022 (NYSCEF Doc No. 268, Hylan deposition tr; NYSCEF Doc No. 304, ECS deposition tr). Mottco was deposed on February 27, 2023 (NYSCEF Doc No. 269, Mottco deposition tr). Plaintiff filed the Note of Issue on July 17, 2023 (NYSCEF Doc No. 213, note of issue). Time Warner timely filed its summary judgment motion on August 29, 2023 (NYSCEF Doc No. 257, notice of motion). Con Ed timely filed its summary judgment motion on September 15, 2023 (NYSCEF Doc No. 282, notice of motion). ECS timely filed its summary judgment motion on November 14, 2023 (NYSCEF Doc No. 324, notice of motion).

During Plaintiff's hearing pursuant General Municipal Law § 50-h and at her examination before trial, she was shown photographs of the subject intersection and asked to identify the potholes that caused her accident (NYSCEF Doc No. 344, Bowman affirmation ¶ 21; NYSCEF Doc No. 355, marked photographs). When witnesses for Time Warner and Hylan were shown the marked photographs during their depositions, the witnesses testified that the photographs depicted and included the area that Hylan and Mottco performed excavation and repaving work in 2016 (NYSCEF Doc No. 267, deposition tr at 25-28; NYSCEF Doc No. 268, deposition tr at 30, 32, 34).

## DISCUSSION

Pursuant to CPLR § 3212(b), a motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the Court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-*

**154024/2018   ALLEN, ELAINE vs. CITY OF NEW YORK**
**Motion No.  008 009 010**

**Page 3 of 11**

3 of 11

*Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). To be a "material issue of fact" it "must be genuine, bona fide and substantial to require a trial" (*Leumi Financial Corp. v Richter*, 24 AD2d 855 [1st Dept 1965]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013][internal quotation marks and citation omitted]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010][internal quotation marks and citation omitted]).

## I.     Time Warner's Motion Seq. 008

Time Warner moves for summary judgment to dismiss Plaintiff's complaint and all cross-claims against it on the grounds that Time Warner cannot be held liable for the negligence of its independent contractor, Hylan, or Hylan's independent contractor, Mottco. Time Warner also contends it is entitled to summary judgment for contractual and common law indemnification based on its agreement with Hylan (the "Time Warner/Hylan Agreement") and Hylan's control over the contracted work. In support of its motion, Time Warner offers uncontroverted evidence including testimony, pleadings, photographs, records, and the Time Warner/Hylan Agreement to demonstrate that Hylan performed work at 275 West 39th Street as an independent contractor on behalf of Time Warner on July 30, 2016 (NYSCEF Doc No. 276, Statement of material facts ¶ 5). Time Warner contends that its evidence demonstrates that Time Warner did not supervise Hylan's work or provide Hylan's employees with equipment and that Hylan supervised its own employees and provided them with equipment to do their work (*id.* ¶¶ 6, 9-12). Time Warner avers that summary judgment on contract and common law indemnification is warranted because of the indemnification language in the Time Warner/Hylan Agreement and Hylan's control over the work that was performed (NYSCEF Doc No. 258, Kreines affirmation ¶ 48).

The City opposes that branch of Time Warner's motion seeking summary judgment dismissal of Plaintiff's complaint. The City takes no position on Time Warner's motion for summary judgment granting contract and common law indemnification. The City contends that Time Warner has not eliminated all questions of fact regarding its control over Hylan because the Time Warner/Hylan Agreement stipulates that Time Warner retained the right, in its discretion, to inspect any work performed by Hylan, and requires Hylan to make changes to remedy failures identified during such inspections (NYSCEF Doc No. 277, Lynch affirmation ¶ 6).

Hylan opposes that branch of Time Warner's motion for summary judgment as against Hylan, granting contract and common law indemnification. Hylan takes no position on Time Warner's motion seeking summary judgment dismissal of the complaint. Hylan contends that summary judgment granting contract and common law indemnification is not warranted because Hylan did not cause or create the holes that caused Plaintiff to fall and as such there is no causal connection between Plaintiff's injury and any act or omission by Hylan (NYSCEF Doc No. 316, Atwell affirmation ¶¶ 7, 8). Further, Hylan contends that indemnification is not warranted because Mottco performed the paving work (*id.* ¶ 12). Lastly, Hylan contends that Plaintiff's claim does not arise out of Hylan's work and indemnification is not warranted (*id.* ¶ 11).

**154024/2018   ALLEN, ELAINE vs. CITY OF NEW YORK**                                    **Page 4 of 11**
**Motion No.  008 009 010**

4 of 11

Plaintiff opposes that branch of Time Warner's motion for summary judgment dismissing Plaintiff's complaint. Plaintiff contends that summary judgment is not warranted because there is an issue of fact regarding Time Warner's control over Hylan. Plaintiff concedes that Hylan performed work at the accident location, or in close proximity thereto, but contends that the Time Warner/Hylan Agreement allows Time Warner the right to inspect any and all work performed by Hylan (NYSCEF Doc No. 344, Bowman affirmation ¶ 25). Further, Plaintiff contends that pursuant to the Time Warner/Hylan Agreement, Time Warner has the responsibility of notifying Hylan if its work failed to meet Time Warner's standards, including non-delegable duties Section 9.1 of the Time Warner/Hylan Agreement (*id.* ¶ 26). Lastly, Plaintiff contends that there is no evidence that Time Warner did not have a role in inspecting the work that Hylan performed (*id.* ¶ 28).

In reply, Time Warner reiterates its position that summary judgment is warranted because there is no issue of material fact that Time Warner did not direct or control Hylan (NYSCEF Doc No. 318, Kreines affirmation ¶ 2; NYSCEF Doc No. 392, Kreines affirmation ¶ 2).

### A. *General Contractor Liability*

To maintain a cause of action in negligence, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (*Pasternack v Lab'y Corp. of Am. Holdings*, 27 NY3d 817, 825 [2016]). "A defendant moving for summary judgment in a slip-and-fall action has the initial burden of showing that it neither created, nor had actual or constructive notice of the dangerous condition that caused plaintiff's injury" (*Ross v Betty G. Reader Revocable Tr.*, 86 AD3d 419, 42 [1st Dept 2011]). "Generally, a party that hires an independent contractor cannot be held liable for the negligence of that independent contractor and summary judgment is appropriate where the evidence on the issue of control of the method and means of the work presents no conflict" (*Concord Vill. Owners, Inc. v Trinity Commc'ns Corp.*, 61 AD3d 410, 411 [1st Dept 2009][internal citations omitted]). "The primary justification for this rule is that one who employs an independent contractor has no right to control the manner in which the work is to be done and thus, the risk of loss is more sensibly placed on the contractor" (*Linder v. United Metro Energy Servs. Corp.*, 193 AD3d 513, 513 [1st Dept 2021]). The critical inquiry therefore is whether the principal has control over the method and means of the subcontractor's work (*id.*). Courts have routinely held that supervision, receiving regular updates, or conducting an inspection of the work after it was performed does not form a basis for imposing liability against the principal (*Miller v Infohighway Commc'ns Corp.*, 115 AD3d 713, 715 [2d Dept 2014]; *Goodwin v Comcast Corp.*, 42 AD3d 322, 323 [1st Dept 2007]). There are three exceptions to this general rule, when liability can be imposed on a principal, including: "(1) negligence of the employer in selecting, instructing, or supervising the contractor; (2) non-delegable duties of the employer, arising out of some relation toward the public or the particular plaintiff"; and (3) work which is specially, peculiarly, or inherently dangerous" (*Linder*, 193 AD3d at 513-14 [internal quotation marks omitted]).

Here, Time Warner proffers uncontroverted evidence including pleadings, testimony, records, photographs, and the Time Warner/Hylan Agreement to demonstrate *prima facie* entitlement to summary judgment as a general contractor. Testimony by Time Warner and Hylan's witnesses demonstrates that Time Warner did not supervise Hylan or provide equipment to Hylan's

**154024/2018   ALLEN, ELAINE vs. CITY OF NEW YORK**
**Motion No.  008 009 010**

**Page 5 of 11**

5 of 11

employees, and that Hylan supervised its own work and used its own equipment. Time Warner personnel were not present at the site and Time Warner is not in the business of construction excavation. The Time Warner/Hylan Agreement further demonstrates the nature of this relationship. Section 18 of the agreement states in pertinent part that ". . . Contractor is acting solely as an independent contractor and not as an agent or employee of [Time Warner]" (NYSCEF Doc No. 272. Time Warner/Hylan agreement at 18-19). Section 1.1 states in pertinent part "[Time Warner] hereby engages Contractor to provide the labor, materials, tools, equipment and services necessarily to perform the construction, building, rebuilding, maintaining, and/or upgrading of certain cable telecommunication systems . . . " (*id*. at 1).

In opposition, the City and Plaintiff point to sections of the Time Warner/Hylan Agreement in an attempt to create a material issue of fact regarding Time Warner's control over Hylan. Specifically, the City and Plaintiff cite to Sections 7.1 and 7.2, which give Time Warner the right to inspect Hylan's work and notify Hylan in the event that the work fails to meet Time Warner's standards.[1] These arguments do not create an issue of material fact. Not only do the City and Plaintiff skip over relevant language that further demonstrates that the relationship is that of a principal and independent contractor, but even if Time Warner did inspect Hylan's work, it would not create a basis for imposing liability on Time Warner.[2] Post work inspections do not create a basis for imposing liability on the principal where the principal does not otherwise control the means or method of the independent contractor's work (*Miller*, 115 AD3d at 715). Lastly, Time Warner testified about what transpired after Hylan completed the project. Time Warner went to the site and took measurements of the trench so that It could effect payment on Hylan (NYSCEF Doc No. 267, Time Warner deposition tr at 34-35). Accordingly, Time Warner's post work inspections and related contract language do not create a material issue of fact sufficient to overcome Time Warner's *prima facie* showing of entitlement to judgment as a matter of law.

Lastly, Plaintiff contends that section 9.1.2 of the Time Warner/Hylan Agreement pertaining to the Occupational Safety and Health Act of 1970 ("OSHA") creates a non-delegable duty that makes Time Warner liable for Plaintiff's injuries. Section 9.1 relates to general representations, warranties, and covenants by the Contractor and not Time Warner. The duty therefore is on Hylan, and not Time Warner. Moreover, OSHA regulates conduct between employers and its employees, in this instance, between Hylan and its employees. As such, Plaintiff's reliance on section 9.1.2 to show a nondelegable duty on the part of Time Warner is misplaced and without merit. Because no exception applies, and because Time Warner met its

---

[1] Section 7.1 states in pertinent part, Time Warner "shall have the right, at its sole discretion, to inspect any and all Work being performed by Contractor at any time." Section 7.2 states in pertinent part, "[i]n the event any Work fails to meet the standards set by [Time Warner], upon notification of such failure by [Time Warner], Contractor shall, without charge, replace any material or correct any workmanship found by [Time Warner] not to confirm with [Time Warner's] requirements as set forth herein and in the applicable Statement of Work."

[2] Section 7.1 states in pertinent part, "Contractor shall furnish promptly, without additional charge, all facilities, labor, and material reasonably needed for performing safe and convenient inspections as may be required by [Time Warner]." Section 7.2 states in pertinent part, "Contractor shall, without charge, replace any material or correct any workmanship found by [Time Warner] not to confirm with [Time Warner's] requirements as set forth herein and in the applicable Statement of Work."

**154024/2018   ALLEN, ELAINE vs. CITY OF NEW YORK**
**Motion No.  008 009 010**

**Page 6 of 11**

*prima facie* burden of showing that Hylan was an independent contractor, Time Warner's motion for summary judgment dismissing Plaintiff's complaint and all cross-claims is granted.[3]

### B. *Contract Indemnification*

Parties to a contract are free to include a promise by one party "to hold the other harmless for a particular loss or damage" (*Hooper Assocs., Ltd. v AGS Computers, Inc.*, 74 NY2d 487, 491 [1989]). When an intent to indemnify can be clearly implied from the contract language and purposes of the entire agreement in conjunction with the surrounding facts and circumstances, the parties are entitled to full contractual indemnification (*Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265, 274 [2007]; *Drzewinski v Atl. Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987]). It is well settled that "provisions conditioning indemnity upon claims 'arising out of' or otherwise connected with the performance of the contracted work [as opposed to the contractor's negligence] do not require proof of the indemnitor's negligence or fault" (*Pereira v KSK Const. Group*, 2023 NY Slip Op 30052[U], *8 [Sup Ct, NY County 2023], *affd* 222 AD3d 541 [1st Dept 2023]). Because the indemnification is conditioned on the contracted work, and not the indemnitor's negligence, the duty to indemnify is triggered by the claim, and the commencement of the action even though the indemnitor has not been found negligent (*Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178 [1990]; *Espinal v City of New York*, 107 AD3d 411, 412 [1st Dept 2013]).

The indemnification provision in the Time Warner/Hylan agreement contains language that Hylan's duty to indemnify Time Warner arises out of the work performed by Hylan, and is not conditioned upon Hylan's negligence. Accordingly, Hylan's duty to indemnify Time Warner is triggered by claims arising out of Hylan's work, irrespective of any negligence that may ultimately be established against Hylan. Section 15 of the Time Warner/Hylan agreement states in pertinent part,

> Contractor agrees to hold harmless, indemnify, and defend [Time Warner] . . . from any and all claims, causes of action, losses, damages, fines, penalties, suits, judgments, or settlements made against [Time Warner], and liability of every kind caused by, arising out of, or related, directly or indirectly, to (a) any Work performed by Contractor directly or indirectly (including by any of Contractor's Subcontractors or any other person or entity acting at Contractor's direction or in Contractor's control) [. . . ] (c) any act or omission of Contractor that results in (i) any bodily injury, sickness, disease, or death [.]" "It is expressly understood that contractor by the terms of this paragraph, hereby agrees to defend and indemnify and hold indemnified party harmless whether indemnified party is alleged to be, or is found to be, solely, concurrently, or comparatively negligent or at fault in any way."

(NYSCEF Doc No. 272, contract at 17).

This language demonstrates a clear and unambiguous intent to indemnify Time Warner against all claims arising out of any work performed by Hylan. Hylan's contention that it did not

---

[3] Here, there is no evidence that Time Warner was negligent when selecting Hylan to excavate the trench and excavating a trench is not inherently dangerous to the public (*Linder*, 193 AD3d at 513-14).

**154024/2018    ALLEN, ELAINE vs. CITY OF NEW YORK**
**Motion No.  008 009 010**

**Page 7 of 11**

perform the work that caused Plaintiff's accident and therefore has no duty to indemnify Time Warner is unpersuasive because Hylan's duty to indemnify Time Warner is triggered regardless of whether Hylan's work is ultimately determined to have caused Plaintiff's accident. Accordingly, Time Warner has met its *prima facie* burden of establishing its entitlement to indemnification based on the contract language in the Time Warner/Hylan Agreement.

### C. *Common Law Indemnification*

"Common-law indemnification is predicated on vicarious liability without actual fault" on the part of the indemnitee (*Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 367 [1st Dept 2006]). "To be entitled to common-law indemnification, a party must show (1) that it has been held vicariously liable without proof of any negligence or actual supervision on its part; and (2) that the proposed indemnitor was either negligent or exercised actual supervision or control over the injury-producing work" (*Naughton v City of New York*, 94 AD3d 1, 10 [1st Dept 2012]; *Kaminer v the City of New York*, 2014 WL 1392290 (Sup Ct, NY County 2014). Where there is no "liability, vicarious or otherwise, there is no basis for indemnification" (*Nieves-Hoque v 680 Broadway, LLC*, 99 AD3d 536, 537 [1st Dept 2012]. Moreover, where the indemnitor has not been found negligent, granting summary judgment on common law indemnification would be premature (*Pueng Fung v 20 W. 37th St. Owners, LLC*, 74 AD3d 635, 636 [1st Dept 2010]).

Here, Hylan has not been found negligent or the proximate cause of Plaintiff's injuries and as such, Time Warner's motion for summary judgment on common law indemnification is premature.

### II.     **Con Ed's Motion Seq. 009**

Con Ed moves pursuant to CPLR § 3212 to dismiss Plaintiff's complaint and all cross-claims against it because it did not owe a duty to Plaintiff. Con Ed contends that it did not cause or create the defect that caused Plaintiff to fall, and to the extent that work was done in the subject area, the work was performed by its independent contractor, CAC Industries, Inc. in 2015, almost two years prior to Plaintiff's fall and one year before Hylan's excavation (NYSCEF Doc No. 284, Cosentino affirmation ¶¶ 43, 58, 63). Con Ed proffers pleadings, testimony, photographs, and records to establish *prima facie* entitlement to summary judgment. Plaintiff opposes the motion because Con Ed's deponent could not identify whether the work performed in 2015 was depicted in photographs marked by Plaintiff as the site of her fall (NYSCEF Doc No. 359, Bowman affirmation ¶¶ 20, 21).

To maintain a cause of action in negligence, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (*Pasternack*, 27 NY3d at 825). "A defendant moving for summary judgment in a slip-and-fall action has the initial burden of showing that it neither created, nor had actual or constructive notice of the dangerous condition that caused plaintiff's injury" (*Ross*, 86 AD3d at 421). A defendant who has not performed or is not responsible for the construction work at an accident site, owes no duty to a plaintiff injured at the site (*Kenney v City of New York*, 30 AD3d 261, 262 [1st Dept 2006]). In the absence of a duty, there can be no liability (*Pasternack*, 27 NY3d at 825). "Once a defendant establishes prima facie entitlement to such relief as a matter of law, the

**154024/2018   ALLEN, ELAINE vs. CITY OF NEW YORK**                                                **Page 8 of 11**
**Motion No.  008 009 010**

8 of 11

[* 8]

burden shifts to plaintiff to raise a triable issue of fact as to the creation of the defect or notice thereof" (*Smith v Costco Wholesale Corp.*, 50 AD3d 499, 500 [1st Dept 2008]).

Here, Con Ed met its *prima facie* burden of establishing that it did not owe a duty to Plaintiff. Con Ed proffers uncontroverted evidence consisting of pleadings, testimony, photographs, and records to demonstrate that it did not create the defect which caused Plaintiff to fall. To the extent that work was performed at West 39th Street and Eighth Avenue, it was done by Con Ed's independent contractor one year before Hylan and Mottco excavated and paved the area respectively. Moreover, Hylan testified that the area depicted in Plaintiff's photographs is the location where Hylan excavated a trench in July 2016. Notably, Hylan, Mottco, and Time Warner do not oppose Con Ed's motion. Plaintiff's opposition fails to raise a triable issue of fact. Testimony that Time Warner's witness did not know whether Plaintiff's marked photographs depicted the area where work was performed in 2015 is not evidence that Con Ed caused or created the subject defects and does not rebut Con Ed's *prima facie* showing. Because Plaintiff has not come forward with evidence sufficient to overcome Con Ed's *prima facie* showing, Con Ed's motion to dismiss Plaintiff's complaint and all cross-claims against it is granted.

### III.    ECS' Motion Seq. 010

ECS moves pursuant to CPLR § 3212 for summary judgment to dismiss Plaintiff's complaint and all cross-claims against it because it did not cause or create the defect, had no duty to inspect the area where the accident occurred, was not an owner or possessor of the building, facility, hardware, or property where Plaintiff's accident occurred (NYSCEF Doc No. 325, McArthur affirmation ¶ 3). Additionally, ECS contends that the subject defects are not within twelve (12) inches of the ECS manhole located at West 39th Street and Eighth Avenue, and as such ECS had no duty to maintain the area (*id.* ¶ 5). In support of its motion ECS proffers uncontroverted evidence including records, testimony, pleadings, photographs, and an affidavit to demonstrate that the ECS manhole is more than twelve (12) inches from the subject defects and that ECS did not perform work in the subject location.

Plaintiff opposes the motion because permits issued by DOT show that ECS performed work at the subject location, ECS' witness testified that a roadway cut was made by ECS, and that the ECS manhole is within twelve (12) inches of the defect (NYSCEF Doc No. 374, Bowman affirmation ¶¶ 25, 26, 27). In reply, ECS contends that its witness clearly testified that it did not perform work at the subject location, that roadway cuts were made to different locations, and that Plaintiff has not presented any evidence that the manhole is located within twelve (12) inches of the subject defects (NYSCEF Doc No. 394, McArthur affirmation ¶ 20-25, 32-34).

A defendant who has not performed or is not responsible for the construction work at an accident site, owes no duty to a plaintiff injured at the site (*Kenney*, 30 AD3d at 262). Additionally, the owners of covers or gratings are not responsible for maintaining the area beyond twelve inches from the edge of such hardware (New York City Charter § 2-07; *Storper v Kobe Club*, 76 AD3d 426, 427 [1st Dept 2010]). Summary judgment is warranted when a defect is more than twelve (12) inches from the defendant's manhole and there is no evidence that defendant caused or created the defective condition (*Jones v 3417 Broadway LLC*, 172 AD3d 551, 551 [1st Dept 2019]; *Garcia v City of New York*, 99 AD3d 491, 492 [1st Dept 2012]).

**154024/2018   ALLEN, ELAINE vs. CITY OF NEW YORK**
**Motion No.  008 009 010**

Page 9 of 11

9 of 11

Here, ECS proffers uncontroverted evidence consisting of pleadings and testimony to establish *prima facie* entitlement to summary judgment. The testimony of Time Warner, Hylan, Mottco, and ECS demonstrate that ECS did not perform work at the subject location or create the subject defects, and that the subject defects were located within and attached to the area where Hylan excavated and Mottco repaved a trench in 2016. The permits that Plaintiff relies on in opposition to ECS' motion were not issued to ECS, but Time Warner, and do not create an issue of fact regarding whether ECS performed work at the subject location. Moreover, Plaintiff does not present any factual proof or expert testimony that the ECS manhole is within 12-inches of the defects identified by Plaintiff (*Jones*, 172 AD3d at 551. Accordingly, where ECS has met its *prima facie* burden of showing that it did not cause or create the defect and did not have a duty to inspect and/or maintain the premises, ECS' motion for summary judgment dismissing Plaintiff's complaint and all cross-claims against it is granted.

Accordingly, it is hereby

ORDERED that defendant Time Warner Cable New York City LLC's motion for summary judgment (Motion Seq. 008) is granted; and it is further

ORDERED that the complaint and all cross-claims against Time Warner New York LLC's are dismissed against it; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of Time Warner Cable New York City LLC dismissing the claims and cross-claims made against them in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that Time Warner Cable New York City LLC is granted summary judgment on the first and second causes of action interposed in the second third-party action (Index No. 595138/2019) as against Old Hde Inc., Hylan Datacom & Electrical Inc., Hylan Datacom & Electrical LLC for contractual indemnification is granted; and it is further

ORDERED that defendant Consolidated Edison, Inc.'s motion for summary judgment (Motion Seq. 009) is granted and the complaint and all cross-claims are dismissed against it; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of Consolidated Edison, Inc. dismissing the claims and cross-claims made against them in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that defendant Empire City Subway Company's (Limited) motion for summary judgment (Motion Seq. 010) is granted and the complaint and all cross-claims are dismissed against it; and it is further

**154024/2018   ALLEN, ELAINE vs. CITY OF NEW YORK**
**Motion No.  008 009 010**

**Page 10 of 11**

10 of 11

ORDERED that the Clerk of the Court shall enter judgment in favor of Empire City Subway Company (Limited) dismissing the claims and cross-claims made against them in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs.

This constitutes the decision and order of the court.

| 5/31/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **HASA A. KINGO, J.S.C.** | |

CHECK ONE:    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

                ☐ GRANTED    ☐ DENIED    ☒ GRANTED IN PART    ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**154024/2018  ALLEN, ELAINE vs. CITY OF NEW YORK**
**Motion No.  008 009 010**

Page 11 of 11

11 of 11